Vicki Lynn ALLEN et al., Appellants,

v.

BENTLEY LABORATORIES, INC., et al., Appellees.

No. 15562.

Court of Civil Appeals of Texas, San Antonio.

June 30, 1976.

Rehearing Denied July 28, 1976.

Southers, Goleberg, Lyons & Huson, San Antonio, for appellants.

Lewin Plunkett, Wiley, Plunkett, Gibson & Allen, Edward P. Fahey, J. Michael Myers, Groce, Locke & Hebdon, Paul M. Green, Lang, Cross, Ladon, Boldrick & Green, San Antonio, for appellees.

BARROW, Chief Justice.

Appellants, Vicki Lynn Allen, individually and as next friend of her minor daughter, Sheila Marie Allen, and the First National Bank of Springfield, Guardian of the Estate of Sheila Marie Allen, brought suit against Dr. Robert H. LePere, Dr. Byron Dooley, Dr. Ramiro Cadena, Dr. Collette M. Kohler, Bentley Laboratories, Inc., and Santa Rosa Medical Center, alleging causes of action of negligence against all defendants, and also strict liability and breach of implied warranty against Bentley Lab. The doctrine of res ipsa loquitur was also invoked as to each defendant. The four doctor defendants and Bentley Lab filed motions for summary judgment and the four doctors, in the alternative, sought dismissal of the suit for want of prosecution.

The trial court granted all five motions for summary judgment and entered a take-nothing judgment as to each of these parties and also ordered the cause against each dismissed for want of prosecution. The cause of action against Santa Rosa Medical Center was severed, and appellants have duly perfected their appeal from the take-nothing judgment granted the other five defendants, who are appellees herein.

Appellants urge by seven points of error that each of the appellees failed to discharge their summary judgment burden, and therefore, the trial court erred in granting the take-nothing judgment. Appellants assert by five points that the trial court abused its discretion in dismissing the suit against these defendants for want of prosecution.

The summary judgment record consists of the pleadings, written interrogatories propounded by appellees to Bank and Vicki Lynn Allen, the answers to these interrogatories, and the trial court's docket sheet.

According to appellants' petition, Sheila Marie Allen, then thirteen months old, underwent surgery at Santa Rosa Hospital on February 1, 1972, to correct a heart defect. The four doctors participated in this operation in various capacities, and a machine manufactured by Bentley Lab was used to supply oxygen to the child. On February 2, 1972, the child suffered a central nervous system impairment, and, as a result, is and will always be, severely brain damaged. Suit was filed on February 1, 1974, and citation was issued on February 4, 1974, for all six defendants. The citation was never served on Bentley Lab, and on July 26, 1974, it filed an answer wherein it pleaded the two-year statute of limitations. The doctor defendants did not assert any affirmative defenses.

All appellees moved for summary judgment based on the answers of appellant, Vicki Lynn Allen, to interrogatories propounded by appellees. These answers, insofar as the four doctors are concerned, state that she has no knowledge of any negligent acts committed by any of these doctors. She further answered that she has no knowledge of any defects in the Bentley Lab machine and that she knew of no medical experts or other witnesses to assist in the presentation of her case at the time of trial. Appellees urge that these answers establish that appellants have no proof to support their allegations of negligence or to show any defects in the Bentley Lab machine, and therefore, the trial court properly granted appellees' motions for summary judgment.

This contention is contrary to well-established summary judgment practice as clearly enunciated in *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970). There the Supreme Court reversed and remanded for trial a take-nothing summary judgment which had been granted because plaintiff failed to present evidence to raise a fact issue that the ball-joint unit was defective at the time it left defendant's factory. The Court said:

The two quotations illustrate a basic fallacy frequently found in the approach of

some of our courts to the matter of rendering or affirming a summary judgment in favor of a defendant. In such cases, the question on appeal, as well as in the trial court, is *not* whether the summary judgment proof *raises fact issues* with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof *establishes as a matter of law that there is no genuine issue of fact* as to one or more of the essential elements of the plaintiff's cause of action.

See also *Swilley v. Hughes,* 488 S.W.2d 64 (Tex.1972); *Torres v. Western Casualty and Surety Co.,* 457 S.W.2d 50 (Tex.1970); *Glenn v. Prestegord,* 456 S.W.2d 901 (Tex. 1970).

■ The answers of Vicki Lynn Allen did not establish as a matter of law that any of said appellees were not negligent, but merely that this appellant did not know of any witnesses or evidence at that time which would establish such negligence. Although appellants would have the burden of raising fact issues as to negligence and proximate cause at the trial on the merits or suffer an instructed verdict, the burden was upon appellees as movants in the summary judgment proceeding to show as a matter of law that appellants' case was without merit. This was not done, and the trial court erred in sustaining appellees' motion based on appellants' lack of proof at such time of negligence or proximate cause.

■ Bentley Lab asserted another reason for granting its motion for summary judgment in that it alleged a defense based on the two-year statute of limitations because of appellants' failure to diligently pursue service of process. The rule is established that the mere filing of a suit will not interrupt or toll the running of a statute of limitations; that to interrupt the statute, the use of diligence in procuring the issuance and service of citation is required. *Rigo Manufacturing Co. v. Thomas,* 458 S.W.2d 180 (Tex.1970). Appellants did not plead or offer any excuse for the delay of almost six months in serving Bentley Lab. Furthermore, they do not complain on this appeal of the trial court's implied action in sustaining Bentley Lab's plea of limitations. Cf. *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889 (Tex.1975). The trial court did not err in granting a summary judgment for Bentley Lab on this ground.

The judgment is somewhat novel in that after granting appellees' motions for a take-nothing summary judgment, the trial court further sustained the doctors' motions to dismiss the case for want of prosecution and ordered that the cause be dismissed as to appellees. Appellants assert that this was an abuse of discretion by the trial court in that no lack of diligence was shown.

■ The case was not placed on a "dismissal docket" pursuant to local rules, and it is not contended that the passage of some nineteen months was an abandonment of appellants' cause of action per se. Cf. *Southern Pacific Transportation Co. v. Stoot,* 530 S.W.2d 930 (Tex.1975). Appellees' motion seeking a dismissal of the cause is based entirely on appellants' failure to prosecute the suit with diligence. The suit was not filed until two years from the date of the allegedly negligent operation. Although it was apparent to Vicki Lynn Allen and the Bank from the outset that appellants had no personal knowledge of the conduct of any of the allegedly negligent appellees, nothing was done by appellants to initiate any discovery proceedings. Rather, appellees took the initiative, and in December of 1974 attempted to discover the facts upon which the suit was based. Appellants, after considerable delay, filed somewhat general replies to the written interrogatories of appellees. Appellants sought no discovery of their own nor made any effort to dispose of this lawsuit. Finally, in June of 1975, appellee, Bentley Lab, had the case placed on the September jury docket with notice to appellants. Still, appellants took no action to prepare for trial of this suit seeking a million dollars in damages. It was not until the September docket was reached that appellants filed a motion for continuance and sought delay to enable them to take the oral depositions of

the four doctors. We have no statement of facts of the hearing at which the trial court sustained the motions to dismiss for want of prosecution, and therefore, must presume that appellants offered no reasonable excuse for permitting the case to lie dormant for about nineteen months. In fact, none has been suggested on this appeal.

■ It is settled that a party who files a suit must prosecute his claim to judgment with reasonable diligence, and if he fails to do this, the court has the inherent power to dismiss his claim for want of diligence in its prosecution. *Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85 (1957); *Pollok v. McMullen Oil & Royalty Co.,* 383 S.W.2d 837 (Tex.Civ. App.—San Antonio 1964, writ ref'd).

■ The question presented for appellate review is stated in *Bevil v. Johnson,* supra, as follows:

> The matter rests in the sound discretion of the trial court. It is not an unbridled discretion, but a judicial discretion subject to review. Upon review, the question is whether there was a clear abuse of discretion by the trial court. That is a question of law.

*Denton County v. Brammer,* 361 S.W.2d 198 (Tex.1962); *Missouri Pacific Ry. Co. v. Liberty County Water Control & Improvement District No. Six,* 483 S.W.2d 50 (Tex.Civ. App.—Beaumont 1972, writ ref'd n. r. e.); *Fulmer v. Barfield,* 480 S.W.2d 413 (Tex. Civ.App.—Tyler 1972, writ dism'd).

■ We cannot say from the limited record before us that the trial court abused its discretion in dismissing the cause as to appellees for want of prosecution.

The judgment is affirmed as to Vicki Lynn Allen, individually, on Bentley Laboratories' plea of limitations and the dismissal of the cause for want of prosecution is affirmed as to all appellees.

CADENA, Justice.

I would affirm solely on the basis that the trial court did not abuse its discretion in dismissing plaintiffs' suit for want of prosecution without discussing the propriety of the order granting defendants' motions for summary judgment.