Rosa I. HERRERA, Appellant,

v.

Jose Angel RIVERA and Amalia Rivera, Appellees.

No. 08–03–00504–CV.

Court of Appeals of Texas,
El Paso.

May 5, 2005.

Constance R. Wannamaker, El Paso, for Appellant.

Jesus M. Olivas, El Paso, for Appellee.

Amalia Rivera, Denver, CO, pro se.

Before Panel No. 2, BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

DAVID WELLINGTON CHEW, Justice.

This is an appeal from an order of dismissal and order overruling a motion for reinstatement. Appellant, Rosa I. Herrera, raises five issues on appeal. In Issue One, Appellant alleges that the trial court abused its discretion by dismissing her case for want of prosecution. In Issue Two, Ms. Herrera alleges that the trial court abused its discretion by not granting her motion to reinstate. In Issue Three, Appellant argues that the trial court erred in refusing to allow Ms. Herrera's trial counsel to be sworn in and testify at the motion to reinstate hearing. In Issue Four, Ms. Herrera challenges the trial court's Finding of Fact No. 8. In Issue Five, Ms. Herrera argues that the trial court's conclusions of law apply an incorrect standard to her motion to reinstate and cannot support the denial of her motion. Appellee Jose Angel Rivera filed a brief in this appeal, but Appellee Amalia Rivera did not file a brief or enter an appearance when the case was submitted to this Court. We reverse and remand.

On October 12, 1996, Appellant Rosa I. Herrera entered into a written agreement to buy Appellees' property located at 3809 Memphis Ave. in El Paso, Texas. The agreement was: Ms. Herrera and Noel H. Renteria would pay Mr. and Mrs. Rivera $10,000 and take over the monthly payments on the property of $340. The $10,000 would be paid in three installments: $4,000 was due on January 31, 1997; $3,000 was due on April 31, 1997; and $3,000 was due on July 31, 1997. Upon complete payment, the house was to be deeded to Mr. Renteria and Ms. Herrera.

According to Ms. Herrera's original petition, she made a payment of $1,020 at the time the contract was signed which represented three monthly payments past due on the mortgage. She also made the first payment of $4,000 on January 23, 1997. Between November 1996 and February 1997, Ms. Herrera made the $340 monthly payments. During this time, Ms. Herrera incurred additional costs of $6,000 for structural improvements done to the home. Shortly after Ms. Herrera had paid for these improvements, Mr. and Mrs. Rivera informed Ms. Herrera that the contract was terminated. Mr. and Mrs. Rivera did not return any funds tendered in performance of the contract.

On February 22, 1999, Ms. Herrera filed her original petition for specific performance and declaratory relief. A Notice of Lis Pendens was also filed on April 7, 1999. On April 8, 1999, Mr. Rivera filed a general denial. On June 14, 1999, Mr. and Mrs. Rivera were served with Ms. Herrera's request for disclosure. On June 25, 1999, Mr. Rivera filed his response to Plaintiff's request for disclosure in which Mr. Rivera objected to a majority of Ms. Herrera's requests. In a letter dated July 15, 1999, Ms. Herrera's attorney contacted Mr. Rivera's attorney regarding his reply, requesting a more productive response to the Request for Disclosure filed by Ms. Herrera and stating that failure to do so by July 29, 1999, would result in the filing of a motion for sanctions. On August 19, 1999, Ms. Herrera filed a Motion to Compel Answers to Discovery and For Sanctions and Motion Setting Hearing in which Ms. Herrera announced she was ready for trial. On August 20, 1999, both parties filed a Rule 11 Agreement to Extend Time to Object and Respond to Discovery; the date was extended to August 30, 1999.

On December 22, 1999, a Notice of Change of Designation of Agency Counsel

was filed on behalf of Ms. Herrera designating a new attorney for Ms. Herrera. On November 15, 2000, a second Notice of Change of Designation of Counsel was filed on behalf of Ms. Herrera. On February 7, 2003, a third Notice of Change of Designation of Counsel was filed on behalf of Ms. Herrera. On April 11, 2003, Ms. Herrera filed a motion for preferential setting.

On May 13, 2003, the trial court signed an order setting a hearing for a defendant's motion to withdraw as counsel; the hearing was schedule for June 17, 2003. On May 21, 2003, Mr. Rivera's attorney filed a Motion to Withdraw As Counsel of Record; the motion stated that he had not had contact with Mr. Rivera since 2000 and did not know his whereabouts.[1] On June 19, 2003, the trial court filed an order setting a status conference hearing scheduled for June 26, 2003. On July 14, 2003, the trial court filed an order setting a hearing for a motion to dismiss for want of prosecution scheduled for August 21, 2003. The record does not contain a transcript of such hearing. On August 21, 2003, the trial judge entered an order dismissing the case for want of prosecution.

On September 19, 2003, Ms. Herrera filed a Motion to Reinstate After Dismissal for Want of Prosecution. In response to this motion, Mr. Rivera filed a original answer containing a general denial. A Notice of Change of Designation of Counsel was filed on October 29, 2003. The trial court filed an order setting the hearing on Ms. Herrera's motion to reinstate for November 4, 2003. The record before us contains a transcript of the motion to reinstate hearing. The trial court denied the motion to reinstate. On November 13, 2003, Ms. Herrera filed a request for findings of fact and conclusions of law. On January 9, 2004, the trial court filed findings of fact and conclusions of law with regard to the motion to reinstate. On January 20, 2004, Ms. Herrera filed a request for amended and additional findings of fact and conclusions of law. On January 23, 2004, Mr. Rivera filed an opposition to Ms. Herrera's request for amended and additional findings of fact and conclusions of law. The record before the Court contains no amended and additional findings of fact and conclusions of law. On December 3, 2003, Ms. Herrera timely filed a notice of appeal.

In Issue One, Ms. Herrera argues that the trial court erred in dismissing the case for want of prosecution. Specifically, Ms. Herrera argues that the notice of the dismissal was deficient since it failed to state the reason why the case was being dismissed. The notice simply read as follows:

> The above entitled and numbered cause is hereby reset for a MOT DISMISS WANT OF PROSECUTION before Judge Luis Aguilar on August 21, 2003 at 08:30am, in the 120th District Court, El Paso County Courthouse, 500 E. San Antonio, Room 605, 6th Floor, El Paso, Texas.

Secondly, Ms. Herrera argues that because at the time of the dismissal, she had requested a preferential trial setting and appeared at the dismissal hearing and announced ready for trial, the trial court abused its discretion in dismissing the case. The record before us contains no transcript of the August 21, 2003 motion to dismiss for want of prosecution hearing. In her brief, in support of her argument, Ms. Herrera makes reference to the contents in her Motion to Reinstate. Mr.

---

1. At oral argument, Mr. Rivera's attorney indicated that he withdrew the motion to withdraw as Mr. Rivera's counsel at the August dismissal hearing. A transcription of this hearing is not in the record before this Court.

Rivera objects to Ms. Herrera's reliance on the contents of said Motion to Reinstate in arguing the merits of the trial court's decision to dismiss the plaintiff's case for want of prosecution. Since there is no record of the August 21, 2003 hearing in the record, Mr. Rivera argues that he is entitled to the benefit of the legal presumption that the record is presumed to support the trial court's order dismissing the plaintiff's case for want of prosecution. We agree with Mr. Rivera's assertion.

### Deficient Notice of Dismissal

 We first address Ms. Herrera's argument that the notice of dismissal was deficient. A trial court's authority to dismiss for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure; and (2) the court's inherent power. *See Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630 (Tex.1999); *Veterans' Land Bd. v. Williams,* 543 S.W.2d 89, 90 (Tex.1976). A trial court may dismiss under Rule 165a on "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," or when a case is "not disposed of within time standards promulgated by the Supreme Court." Tex.R.Civ.P. 165a(1)-(2). In addition, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. *Villarreal,* 994 S.W.2d at 631; *State v. Rotello,* 671 S.W.2d 507, 508–09 (Tex.1984).

 A party must be provided with notice and an opportunity to be heard before a court may dismiss a case for want of prosecution under either Rule 165a or its inherent power. *See* TEX.R.CIV.P. 165a(1). Texas Rules of Civil Procedure 165a states in pertinent part:

Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file . . . .

The requirements of a notice and a hearing are necessary to ensure the dismissed claimant has received due process. *Tex. Sting Ltd. v. R.B. Foods, Inc.,* 82 S.W.3d 644, 648 (Tex.App.-San Antonio 2002, pet. denied); *Franklin v. Sherman Indep. Sch. Dist.,* 53 S.W.3d 398, 401 (Tex.App.-Dallas 2001, pet. denied). The failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal. *Villarreal,* 994 S.W.2d at 630–31.

The notice to dismiss read as follows:

The above entitled and numbered cause is hereby reset for a MOT DISMISS WANT OF PROSECUTION before Judge Luis Aguilar on August 21, 2003 at 08:30am, in the 120th District Court, El Paso County Courthouse, 500 E. San Antonio, Room 605, 6th Floor, El Paso, Texas.

Ms. Herrera argues that with such notice, she never received specific notice whether the dismissal was pursuant to Rule 165a(1), Rule 165a(2), or the court's inherent authority. While the notice does not reference the specific reason for dismissal, neither is necessary to put appellant on notice that the trial court could dismiss under Rule 165a(1), Rule 165a(2), or its inherent authority. *Binner v. Limestone County,* 129 S.W.3d 710, 712 (Tex.App. Waco 2004, pet. denied); *see contra Johnson–Snodgrass v. KTAO, Inc.,* 75 S.W.3d 84, 89–90 (Tex.App.-Fort Worth 2002, pet. dism'd); *Lopez v. Harding,* 68 S.W.3d 78, 80-1 (Tex.App.-Dallas 2001, no pet.). We

therefore find that the notice to dismiss was adequate.[2]

### Trial Court's Abuse of Discretion in Dismissing Ms. Herrera's Case

The decision to dismiss a case for want of prosecution rests within the sound discretion of the trial court, and can be disturbed on review only if it amounted to a clear abuse of discretion. *See State v. Rotello*, 671 S.W.2d 507, 508–09 (Tex.1984); *Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85, 87 (1957). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). When deciding whether to dismiss a case for want of prosecution, the trial court may consider the entire history of the case, including the amount of activity in the case, the length of time the case was on file, requests for a trial date, and the existence of reasonable excuses for delay. *See Bilnoski v. Pizza Inn, Inc.*, 858 S.W.2d 55, 58 (Tex.App.-Houston [14th Dist.] 1993, no writ.); *City of Houston v. Malone*, 828 S.W.2d 567, 568 (Tex.App.-Houston [14th Dist.] 1992, no writ). If the trial court's order dismissing a case for want of prosecution does not specify a particular reason for the dismissal, the appellate court will affirm if any proper ground supports the dismissal. *See Shook v. Gilmore & Tatge Mfg. Co.*, 951 S.W.2d 294, 296 (Tex.App.-Waco 1997, pet. denied); *City of Houston v. Thomas*, 838 S.W.2d 296, 297 (Tex.App.-Houston [1st Dist.] 1992, no writ). The

appellant bears the burden of producing a record that shows the district court abused its discretion. *Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex.1987).

In this case, the court did not state its reasons for dismissing the case. The court's order to dismiss the case reads as follows:

> Be it remembered that the Court, after due notice to the attorney and/or prose of record in the above styled and numbered cause, that said cause would be dismissed, for want of prosecution unless there was good cause being shown, is of the opinion that the following order should be entered.

> It is therefore the ORDER of the Court that the above styled and numbered cause be DISMISSED FOR WANT OF PROSECUTION.

Since the trial court did not specify under what ground it was exercising its authority to dismiss the case, we may affirm the judgment under any applicable legal theory. *Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex.1987); *Thomas*, 838 S.W.2d at 297. The complaining party has the burden to bring forth a record to support its contention. *See Simon*, 739 S.W.2d at 795; *American Paging of Texas, Inc. v. El Paso Paging Inc.*, 9 S.W.3d 237, 240 (Tex.App.-El Paso 1999, pet. denied). Furthermore, since there is no record before us of the motion to dismiss for want of prosecution hearing, we indulge every presumption in favor of the trial court's find-

---

2. Furthermore, courts have held that even complete absence of notice can be cured when the trial court holds a hearing on the appellant's motion to reinstate. *Franklin v. Sherman Indep. School Dist.*, 53 S.W.3d 398, 402–03 (Tex.App.-Dallas 2001, pet. denied)("Courts ... have uniformly held that when the trial court holds a hearing on a motion to reinstate while the court had full

control of its judgment ... no harmful error is shown."); *Jimenez v. Transwestern Property Co.*, 999 S.W.2d 125, 129 (Tex.App.-Houston [14th Dist.] 1999, no pet.). In this case, the trial court held a hearing on Ms. Herrera's motion to reinstate, providing her with the opportunity to be heard, thus curing any potential failure of providing any alleged inadequate notice.

ings and presume that the evidence before the trial court was adequate to support its decision. *See Bryant v. United Shortline Inc. Assur. Services, N.A.*, 972 S.W.2d 26, 31 (Tex.1998). In the absence of a record of the hearing, we find that the trial court did not abuse its discretion to dismiss Ms. Herrera's case for want of prosecution. Ms. Herrera has failed to meet her burden of producing a record showing the trial court's abuse of discretion. *See Simon*, 739 S.W.2d at 795. Issue One is therefore overruled.

In Issue Two, Ms. Herrera contends that the trial court abused its discretion by denying her Motion to Reinstate After Dismissal for Want of Prosecution. Mr. Rivera responds to this argument by alleging that the issue was waived since Ms. Herrera's notice of appeal made no reference to the denial of her motion to reinstate. Rather, Ms. Herrera's Notice of Appeal specifically stated that she was appealing from the Dismissal Order for Want of Prosecution. Mr. Rivera argues that Ms. Herrera's notice of appeal did not comply with Texas Rule of Appellate Procedure Rule 25.1(d)(2).[3] *See* Tex.R.App.P. 25.1(d)(2).

■ We begin by addressing Mr. Rivera's contention that Ms. Herrera waived her right to appeal the trial court's order denying reinstatement of her cause. A court of appeals has jurisdiction over any appeal where the appellant files an instrument that was filed in a bona fide attempt to invoke appellate jurisdiction. *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex.1991). The factor which determines whether jurisdiction has been conferred on the appellate court is not the form or substance of the perfecting instrument, but whether the instrument was filed in a bona fide attempt to invoke appellate court jurisdiction. *See Walker v. Blue Water Garden Apartments*, 776 S.W.2d 578, 581 (Tex.1989).

Ms. Herrera's notice of appeal states that she is appealing from the Dismissal Order for Want of Prosecution, signed on August 21, 2003 making no mention of the order denying her motion to reinstate the case. While the notice of appeal makes no mention of the denial to reinstate order, we find that the record before the Court makes it clear that Ms. Herrera was appealing from the order denying her motion to reinstate as well. We therefore construe Ms. Herrera's notice of appeal as a bona fide attempt, even if defective, to sufficiently invoke this Court's jurisdiction. *See Guinn v. Bosque County*, 58 S.W.3d 194, 199 (Tex.App.-Waco 2001, pet. denied), *citing Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex.1997).

■ Turning to the merits of Ms. Herrera's argument in Issue Two, as we discussed previously, the order does not reflect the grounds relied on by the trial court in dismissing Ms. Herrera's case. However, in the findings of fact and conclusions of law submitted by the trial court, the court stated that it found the failure to pursue this matter by [Ms. Herrera or her] attorney was a result of conscious indifference and not due to an accident or mistake. Additionally, there is no dispute among the parties that the case was dismissed pursuant to its inherent power to dismiss a case for failure to prosecute the case with due diligence. The issue, therefore, is whether the record supports the trial court's dismissal of Ms.

---

**3.** Tex.R.App.P. 25.1(d)(2) requires a notice of appeal to "state the date of the judgment or order appealed from."

Herrera's case because she failed to prosecute her case with due diligence.

We review the denial of a motion to reinstate under a clear abuse of discretion standard. *See State v. Rotello*, 671 S.W.2d 507, 509 (Tex.1984), *quoting Bevil*, 307 S.W.2d at 87; *Smith v. Babcock & Wilcox Const. Co., Inc.*, 913 S.W.2d 467, 467 (Tex. 1995). An abuse of discretion occurs when the trial court acts without reference to any guiding rules or principles or acts in an arbitrary and unreasonable manner. *Downer*, 701 S.W.2d at 241; *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex.1991). We may not reverse for abuse of discretion merely because we disagree with the decision of the trial court. *Buller*, 806 S.W.2d at 226.

 In determining whether a trial court should have granted a motion to reinstate, we look to whether a party has prosecuted the matter with due diligence. *Rainbow Home Health, Inc. v. Schmidt*, 76 S.W.3d 53, 57–8 (Tex.App.-San Antonio 2002, pet. denied). Factors a trial court may consider in dismissing under its inherent power include the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay. *Maida v. Fire Ins. Exchange*, 990 S.W.2d 836, 842 (Tex.App.-Fort Worth 1999, no pet.), *citing King v. Holland*, 884 S.W.2d 231, 237 (Tex.App.-Corpus Christi 1994, writ denied). The trial court's decision will be reviewed to determine whether the litigant demonstrated good cause for not prosecuting with greater diligence. *See Callahan v. Staples*, 139 Tex. 8, 161 S.W.2d 489, 491 (1942).

At the hearing on the motion to reinstate, Ms. Herrera's counsel informed the trial court that for the duration of the case, a number of different lawyers working for the El Paso Legal Aid Society[4] had been assigned to Ms. Herrera's case. It was explained to the court that there is a high degree of turn over in staff attorneys in that office and that "it's impossible for one attorney to be on the same case for a significant amount of time sometimes." Despite the different number of attorneys working on the case—which a review of the record indicates that there were at least five different attorneys that worked on the case at any given time—Ms. Herrera's counsel at the hearing indicated that from the date the lawsuit was initially filed—February 22, 1999—to the date the case was dismissed for want of prosecution—August 21, 2003—there was constant activity in the case. Some of that activity has been summarized above and such other activity included taking a deposition of a critical witness in the case on July of 2000, other investigation done for the case, and a series of correspondence between the attorney on the case and Ms. Herrera. Even during the period where the agency lost contact with Ms. Herrera, numerous efforts were made in an attempt to contact Ms. Herrera, including fourteen letters attempting to contact her and a physical trip taken to her last known address by the attorney assigned to the case. Ms. Herrera's motion to reinstate also chronologically listed the activity in the case, and contained numerous exhibits showing the activity in the case. Given the nature of the legal aid office as discussed during the motion to reinstate hearing and the amount of activity shown to have been taken in this case, we find that under these circumstances, sufficient explanation was

4. This agency merged with Texas Rural Legal Aid sometime in 2003. Today, it is known as Texas Rio Grande Legal Aid, Inc.

given to amount to a reasonable excuse for the delay in this particular case. The record in this case supports the showing of a reasonable excuse for delay. We therefore sustain Issue Two. Because Issue Two is dispositive, we need not address Ms. Herrera's remaining issues.

We reverse and remand this matter to the trial court for further proceedings consistent with this opinion.