# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00539-CV

**Luther Otis Foster, Appellant**

**v.**

**Comal County Sheriff, et al., Appellees**

### FROM COUNTY COURT AT LAW NO. 2 OF COMAL COUNTY
### NO. 2007CV0145, HONORABLE CHARLES A. STEPHENS II, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Luther Otis Foster, an inmate proceeding pro se, appeals a judgment dismissing, under chapter 14 of the civil practice and remedies code, a lawsuit he filed against the Comal County Sheriff and a Sheriff's Office employee. We will affirm the judgment.

According to his allegations in his pleadings, Foster is a state inmate who has been housed in county jails. He alleges that, when he was transferred from Bandera County to Comal County in late 2006, Comal County Sheriff's Office personnel removed some personal property from him and did not return it when he was subsequently transferred back to Bandera County. Foster filed suit in the Comal County Court at Law, seeking return of his property. Attached to Foster's petition was an unsworn declaration of indigence in which Foster claimed that he was disabled and owned no property or bank accounts. He also listed his wife as a dependent and claimed that she had no income.

On March 1, 2007, the trial court ordered Foster to file, within thirty days, the Affidavit Relating to Previous Filings required of inmates who claim inability to pay court costs. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.004 (West 2002). On March 6, Foster responded by filing an "Affidavit Relating to Previous Filings" that reiterated the allegations in his petition. On March 30, the trial court issued an order finding Foster's filing "insufficient," and giving him until April 15 to file an affidavit complying with section 14.004. In response, on April 20, Foster filed an "addendum" to his original affidavit in which he appeared to identify a single Bandera County case "related to this Case."[1]

Attached to Foster's addendum to his affidavit was a printout of Foster's inmate trust account statement. The statement, which was generated on April 9, 2007, showed the "highest balance" and "total deposits" in Foster's account for the previous six months. The statement showed that, from October 2006 until December 2006, Foster's highest balance was $200.25, and he had no deposits. Then, in January 2007, $151.63 was deposited into his account, and Foster's highest balance was $351.88. In February and March 2007, $200.00 was deposited into Foster's account, and his highest balance each month was $316.90 and $395.60, respectively. The statement also showed that his current balance at the time the statement was generated was $400.85.

On May 9, 2007, the trial court signed an order disapproving Foster's affidavit of indigence. On May 23, Foster filed in the trial court a document titled "Appeal of Order Denying Affidavit of Indigency," which the trial clerk and the clerk of this Court treated as a notice of appeal

---

[1] Foster's pro se filings in this appeal and below are handwritten and somewhat difficult to decipher.

from the trial court's interlocutory order. However, Foster subsequently filed with this Court a document that we construed as a motion to dismiss his appeal for lack of jurisdiction. We granted the motion and dismissed the appeal. *See Foster v. Comal County Sheriff*, No. 03-07-00328-CV (Tex. App.—Austin Aug. 31, 2007, no pet.) (mem. op.).

On May 31, 2007, while the above appeal was still pending, the trial court sent Foster a bill of costs indicating that Foster's total court costs were $273.00. The record does not reflect whether Foster ever paid these costs.

The clerk's record does not reflect any further activity in Foster's case until July 25, 2008, when Foster filed in the trial court a "motion for summary judgment" in which he demanded the relief requested in his petition, apparently in the view that the mere fact that "the Trial Court['s] failing to issue an order of dismissal in any way or means" entitled him to relief. On August 19, 2008, the trial court rendered judgment dismissing Foster's action. The order of dismissal reflected that "based upon the affidavits filed herein, and the documents related thereto in the court's file," the court found "that the allegation of poverty is false." *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(1) (West 2002). Foster then perfected an appeal from this judgment.

Foster has filed a handwritten appellate brief in which he appears to complain of both the trial court's order disapproving his declaration of indigence and its ultimate judgment dismissing his suit. Because Foster is an inmate who had filed an unsworn declaration of inability to pay costs, his suit is governed by chapter 14. *See id*. § 14.002(a) (West 2002). Section 14.003 provides that a trial court may dismiss a claim before or after service of process if the court finds any of the following: (1) that the allegation of poverty in the affidavit or unsworn declaration is false; (2) that

3

the claim is frivolous or malicious; or (3) that the inmate filed an affidavit or unsworn declaration that the inmate knew was false. *Id*. § 14.003. The trial court's judgment of dismissal reflects that it relied on the first ground.

On appeal, we review a chapter 14 dismissal under the abuse of discretion standard. *Moore v. Zeller*, 153 S.W.3d 262, 263 (Tex. App.—Beaumont 2004, pet. denied); *Retzlaff v. Texas Dep't of Crim. Justice*, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985); *Leachman v. Dretke*, 261 S.W.3d 297, 303-04 (Tex. App.—Fort Worth 2008, no pet.). A judge is presumed to have acted within his discretion unless the record discloses to the contrary. *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987); *Herrera v. Rivera*, 281 S.W.3d 1, 6 (Tex. App.—El Paso 2005, no pet.).

We cannot conclude that the trial court abused its discretion in disapproving Foster's declaration of indigence and dismissing his suit on grounds that the declaration was false. The record reflects that Foster filed his lawsuit in February 2007. In that month, according to his inmate trust account statement, $200.00 was deposited into Foster's account and his highest balance was $316.90. In January, $151.63 had been deposited into his account and his highest balance was $351.88. In March, an additional $200.00 was deposited into Foster's account and his highest balance was $395.60. In three months, $551.63 had been deposited into Foster's account. The trial court could have found that such amounts contradicted Foster's claim of indigence. Additionally, at the time the statement was generated in April, Foster's current balance was $400.85.

4

The trial court could have found that because this amount exceeds the $273.00 that was reflected in the bill of costs, Foster was at least able to pay court costs, and any allegation to the contrary was false. *See* Tex. R. Civ. P. 145(a) (defining "party who is unable to afford costs" as "a person who is presently receiving a governmental entitlement based on indigency or any other person who has *no ability* to pay costs" (emphasis added)); *Pinchback v. Hockless*, 164 S.W.2d 19, 20 (Tex. 1942) (explaining that test to determine if party is entitled to proceed in forma pauperis is whether record shows that party would be unable to pay costs "if he really wanted to and made a good faith effort to do so"); *see also* Tex. Gov't Code Ann. § 501.014(e) (West 2004) (authorizing withdrawal of money from inmate trust accounts "as payment in full for all orders for court fees and costs"); Tex. Civ. Prac. & Rem. Code Ann. § 14.006(b) (West 2002) (authorizing court to order inmate to pay amount equal to lesser of 20 percent of preceding six months' deposits to inmate's trust account or total amount of court fees and costs); *McCullough v. Dretke*, No. 02-07-00294-CV, 2008 Tex. App. LEXIS 6821, at *7-8 (Tex. App.—Fort Worth Sept. 11, 2008, no pet.) (mem. op.) (observing in dicta that trial court would not have abused its discretion in dismissing appeal based on false allegation of poverty when trust account reflected current balance of $103.92 and six-month average balance of $184.92); *Estrada v. Angleton Bail Bonds*, No. 14-04-00166-CV, 2004 Tex. App. LEXIS 6485, at *5 (Tex. App.—Houston [14th Dist.] July 22, 2004, no pet.) (mem. op.) (concluding that there was no abuse of discretion in trial court finding that appellant was able to pay costs when certified copy of inmate trust account statement reflected deposits of over $350 during preceding six-month period).

5

We affirm the judgment of dismissal.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   August 13, 2009