

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00364-CV

---

REBECCA MCGILVRAY, APPELLANT

V.

GRACELAND LOGISTICS, LLC, MARIO JUAREZ, AND LONGHORN CAR-TRUCK
RENTAL, INC., APPELLEES

---

On Appeal from the 459th District Court
Travis County, Texas[1]
Trial Court No. D-1-GN-21-000351, Honorable Catherine A. Mauzy, Presiding

---

July 31, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

The trial court dismissed Rebecca McGilvray's personal injury suit for want of prosecution after she failed to exercise diligence in obtaining service on defendants Graceland Logistics, LLC, and Mario Juarez. It later overruled her motion to reinstate. By her appeal, McGilvray contends the trial court abused its discretion in granting the dismissal because a vacation letter filed by Graceland's and Juarez's counsel constituted

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

an appearance that waived service. She also contends the trial court erred in denying her motion to reinstate because any lack of diligence was not the result of conscious indifference. We affirm the trial court's dismissal order.

## BACKGROUND

On January 15, 2021, McGilvray sued Graceland, Juarez, and Longhorn Car-Truck Rental, Inc.,[2] for injuries she allegedly suffered as the result of an automobile collision that occurred on January 17, 2019. On March 8, 2021, she requested issuance of citation for service of process. On March 29 and 30, 2021, service was attempted but not achieved. On June 24 and 29, 2021, McGilvray attempted to serve Graceland a second and third time without success. On August 15, 2022, Graceland and Juarez filed their motion to dismiss for want of prosecution alleging that McGilvray had not served either defendant and requesting the trial court dismiss the suit due to McGilvray's failure to exercise due diligence. The only other document filed in the case between January 15, 2021, and August 15, 2022, was a vacation letter filed on February 14, 2022, by counsel for Graceland and Juarez. After hearing, the trial court granted the motion to dismiss on June 9, 2023. The trial court issued findings of fact and conclusions of law. McGilvray's motion to reinstate was denied after hearing. She timely filed this appeal.

## STANDARD OF REVIEW

Trial courts are generally granted considerable discretion in managing their dockets. *In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015) (orig. proceeding) (per curiam).

---

[2] McGilvray served Longhorn on March 31, 2021. She nonsuited her claims against Longhorn on December 15, 2021.

2

A plaintiff must prosecute her suit with reasonable diligence or the trial court may dismiss it for want of prosecution. *Id.* A trial court's authority to dismiss a case for want of prosecution is derived from Rule 165a of the Texas Rules of Civil Procedure and the court's inherent power to dismiss when the plaintiff fails to prosecute the case with due diligence. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). We review a trial court's decision to dismiss a case for want of prosecution and failure to reinstate the case under an abuse of discretion standard. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or when it acts without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

The record before us establishes that the court relied on its inherent powers to dismiss the case for want of prosecution rather than Rule 165a. Factors a trial court may consider in dismissing under its inherent power include the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay. *Preslar v. Garcia*, No. 03-13-00449-CV, 2014 Tex. App. LEXIS 2156, at *2 (Tex. App.—Austin Feb. 26, 2014, no pet.) (mem. op.). No single factor is dispositive. *Id.* "[A] delay of an unreasonable duration . . ., if not sufficiently explained, will raise a conclusive presumption" that a plaintiff has abandoned its suit. *In re Conner,* 458 S.W.3d at 534 (alteration in original). Absent a reasonable explanation for the plaintiff's delay in prosecuting its claims, a trial court is justified in dismissing the case under its inherent authority. *Id.*

As plaintiff, McGilvray had a duty to exercise diligence from the date she filed her suit until Graceland and Juarez were served. *El Paso Indep. Sch. Dist. v. Alspini,* 315 S.W.3d 144, 150 (Tex. App.—El Paso 2010, no pet.). In assessing diligence, "the relevant inquiry is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Tex. State Univ. v. Tanner*, No. 22-0291, 2024 Tex. LEXIS 317, at *10 (Tex. 2024). This necessarily fact-intensive inquiry is determined "by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service." *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007) (per curiam).

A party can waive defects in service by entering a general appearance. TEX. R. CIV. P. 120. An appearance may be entered in person or by attorney. *Id.* Such an appearance "shall have the same force and effect as if the citation had been duly issued and served as provided by law." *Id.* A party enters a general appearance when it: "(1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court." *In re Guardianship of Fairly*, 650 S.W.3d 372, 386 (Tex. 2022) (citing *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004) (per curiam)). Service of process is an issue of personal jurisdiction, objections to which may be waived by filing a general appearance. *Seals v. Upper Trinity Reg'l Water Dist.*, 145 S.W.3d 291, 296 (Tex. App.—Fort Worth 2004, pet. dism'd). In order for an act of a defendant to constitute an answer or appearance, it must seek a judgment or an adjudication by the court on some

4

question with the emphasis on a request for affirmative action which impliedly recognizes the court's jurisdiction over the parties. *Id.; see Stickland v. Schlegel,* No. 02-22-00281-CV, 2023 Tex. App. LEXIS 8799, at *24 (Tex. App.—Fort Worth Nov. 22, 2023, pet. denied) (mem. op.) (affirmative action could include objecting to substantive issues, examining witnesses, moving for summary judgment, or filing motion for new trial). We examine the nature and quality of a party's activities to determine whether that party has made a voluntary appearance. *Smith v. Amarillo Hosp. Dist.*, 672 S.W.2d 615, 617 (Tex. App.—Amarillo 1984, no writ); *see Schoendienst v. Haug*, 399 S.W.3d 313, 316 (Tex. App.—Austin 2013, no pet.) (in absence of written answer, whether defendant has "appeared" depends on nature and quality of its activities in case). This fact-specific analysis considers any written documents the defendant has filed in the case, any participation in hearings, and any other personal activity by the defendant. *Schoendienst*, 399 S.W.3d at 316–17.

## ANALYSIS

Dismissal for Want of Prosecution

In her first issue, McGilvray contends the trial court erred in granting the motion to dismiss on the basis that she failed to exercise diligence in obtaining service because a vacation letter filed by counsel for Graceland and Juarez constitutes a general appearance that waived the requirement of service of process.

We begin our analysis by noting that the appellate record does not contain a reporter's record from the April 2023 dismissal hearing or the subsequent hearing on McGilvray's motion to reinstate. A reporter's record was taken, but McGilvray did not

5

submit it.[3]  The party who complains on appeal that a trial court abused its discretion has the burden "to bring forth a record showing such abuse."  *Simon v. York Crane & Rigging Co., Inc.,* 739 S.W.2d 793, 795 (Tex. 1987).  Without a reporter's record, an appellate court cannot know what evidence, if any, was presented to the trial court at the hearing.  Absent a record showing an abuse of discretion, we must presume that the evidence before the trial court was adequate to support its decision.  *Id.*; *see Herrera v. Rivera*, 281 S.W.3d 1, 6−7 (Tex. App.—El Paso 2005, no pet.) (holding that because there was no record of hearing on motion to dismiss for want of prosecution, appellate court indulged every presumption in favor of trial court's ruling and "presume[d] that the evidence before the trial court was adequate to support its decision"); *Allen v. Bentley Labs., Inc.*, 538 S.W.2d 857, 861 (Tex. Civ. App.—San  Antonio 1976, writ ref'd n.r.e.) ("We have no statement of facts of the hearing at which the trial court sustained the motions to dismiss for want of prosecution, and therefore, must presume that appellants offered no reasonable excuse . . . .").

The vacation letter at issue, which was addressed to the clerk, was filed on February 14, 2022, some thirteen months after McGilvray filed her suit.  It included the style of the case and cause number.  The letter stated in pertinent part, "[b]y copy of this letter, I am notifying all counsel of record of my vacation schedule and requesting to not schedule any activity with regard to the above-referenced matter during this time period."  All counsel of record were served with the vacation notice via electronic filing.  The letter

---

[3] This Court directed McGilvray's counsel to request preparation of the reporter's record, make any necessary payment arrangements, and certify compliance to the Court.  We further admonished counsel that failure to do so would result in this Court only considering the issues that do not require a reporter's record for a decision.  *See* TEX. R. APP. P. 37.3(c).

was signed by counsel who would eventually file the motion to dismiss on behalf of Graceland and Juarez, but it did not indicate that it was filed on behalf of any party. The letter did not seek a judgment or any adjudication by the court. We conclude the vacation letter did not constitute an answer or appearance by Graceland or Juarez. *See Schoendienst*, 399 S.W.3d at 316–17. As such, it was not effective to waive service.

The clerk's record shows that McGilvray filed her suit in January of 2021, and she did not immediately request citation to be issued. Instead, she made her first attempt to serve Graceland and Juarez more than seventy days after filing suit. Three months later, in June of 2021, she unsuccessfully made a second and third attempt to serve Graceland. At the time the vacation letter was filed, McGilvray's case had been pending thirteen months without service on Graceland and Juarez; with no further explanation or excuse, this fact would have been sufficient to show a lack of diligence in prosecuting her suit. *See Fox v. Wardy*, 225 S.W.3d 198, 200 (Tex. App.—El Paso 2005, pet. denied) (holding trial court did not abuse discretion in dismissing case for want of prosecution when suit had been on file for seven months with minimal activity, citation was not issued and defendant was not served until after court issued Rule 165a notice, and plaintiff presented no evidence explaining delay in service). An additional six months passed before Graceland and Juarez filed their motion to dismiss for want of prosecution. By this time, McGilvray's suit had been on file for eighteen months without any significant activity and neither defendant had been served. These long lapses of time place this case squarely within the trial court's discretion to dismiss. *See Risley v. Alvarez*, No. 14-10-00015-CV, 2011 Tex. App. LEXIS 895, at *9 (Tex. App.—Houston [14th Dist.] Feb. 8, 2011, pet. denied) (mem. op.) ("Failure to procure the issuance and service of citation upon

7

[defendants] for over nine months shows that [plaintiff] did not exercise diligence in prosecuting his case; therefore, the trial court acted within its discretion dismissing [plaintiff's] case for want of prosecution."). Moreover, in its findings of fact and conclusions of law, the trial court found that "[McGilvray] had notice that [Graceland and Juarez] had not been personally served" and "[McGilvray] failed to pursue alternative methods of service on [Graceland and Juarez]." The trial court concluded "[McGilvray] abandoned her duty to ensure that service was actually completed[,] failed to exercise due diligence in the prosecution of this suit[,]" and "failed to demonstrate good cause for this failure. . . ."

We cannot say from the limited record before us that the trial court abused its discretion in dismissing McGilvray's suit for want of prosecution. *See Herrera*, 281 S.W.3d at 6. Considering the length of time the case was on file, McGilvray's efforts to obtain service were minimal and unsuccessful, and no reasonable excuses were offered to explain the lack of diligence in prosecuting the suit. The record does not support the conclusion that the trial court abused its discretion in determining McGilvray failed to use reasonable diligence in advancing her case. *See Proulx*, 235 S.W.3d at 216 (when "one or more lapses between service efforts are unexplained or patently unreasonable," the plaintiff's lack of due diligence can be determined as a matter of law); *Taylor v. Thompson*, 4 S.W.3d 63, 65 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (unexplained delay in effecting service constitutes lack of due diligence as matter of law); *Allen*, 538 S.W.2d 857 (six months between filing and service is not due diligence). Accordingly, we overrule issue one.

Denial of Motion to Reinstate

In her second issue, McGilvray contends the trial court abused its discretion by denying her motion to reinstate because any failure to exercise diligence was not intentional or the result of conscious indifference.

After a trial court dismisses a case for want of prosecution, a plaintiff may file a motion to reinstate the case. TEX. R. CIV. P. 165a(3). Such a motion may provide evidence the plaintiff acted diligently in pursuing the case. *Id.* As discussed above, McGilvray failed to file a reporter's record of the hearing on the motion to reinstate. As such, she has failed to meet her burden of producing a record showing the trial court's abuse of discretion. *See Simon*, 739 S.W.2d at 795; *Herrera*, 281 S.W.3d at 7. Moreover, her motion to reinstate offers no new arguments and contains no additional or newly discovered evidence. *Preslar*, 2014 Tex. App. LEXIS 2156, at *12−13. Consequently, we cannot say the trial court abused its discretion in denying McGilvray's motion to reinstate.

## CONCLUSION

Having overruled both of McGilvray's issues, we affirm the trial court's dismissal of the case.

Judy C. Parker
Justice