Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
JOHN FOX,                                                      )                  No. 08-05-00205-CV
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                 County Court at Law No. 7
)
JOE WARDY, MAYOR,                                    )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 2004-3904)

O P I N I O N

            John Fox, appearing pro se, appeals from an order dismissing his suit against Joe Wardy for
want of prosecution. Finding no error, we affirm.
FACTUAL SUMMARY
            On September 13, 2004, Fox filed a suit against the El Paso City Council seeking to have a
condemnation proceeding dismissed. Fox, who had other suits pending against the City of El Paso
and some of its employees, faxed a copy of the petition to an assistant city attorney but he did not
serve the defendant in accordance with the Rules of Civil Procedure. Fox amended the petition on
October 6, 2004 to sue the “El Paso City Council Members” rather than the El Paso City Council and
he again faxed the petition to an assistant city attorney. He amended his petition on November 22,
2004 to purportedly substitute then-mayor Joe Wardy as the sole defendant in place of the El Paso
City Council Members. Fox did not cause citation to be issued until after April 11, 2005, when the
trial court sent a Rule 165a


 notice advising Fox of the court’s intent to dismiss for want of
prosecution. The court set the dismissal hearing for May 18, 2005. The docket sheet reflects that
citation was issued on April 28, 2005 and served on Mayor Wardy on May 4, 2005. At the dismissal
hearing, Fox did not dispute the trial court’s observations that the only activity in the case had been
the filing of the original petition and two amended petitions, and that Mayor Wardy had only recently
been served. Consequently, the trial court dismissed the case for want of prosecution. Fox did not
file a verified motion to reinstate but filed a timely notice of appeal. 
DISMISSAL FOR WANT OF PROSECUTION
            In his sole issue on appeal, Fox contends that the trial court abused its discretion by
dismissing the suit. A trial court’s authority to dismiss a case for want of prosecution is derived from
two sources: Rule 165a and the court’s inherent power to dismiss when the plaintiff fails to
prosecute the case with due diligence. Dick Poe Motors, Inc. v. Daimler Chrysler Corp., 169
S.W.3d 478, 484 (Tex.App.--El Paso 2005, no pet.); Johnson-Snodgrass v. KTAO, Inc., 75 S.W.3d
84, 87 (Tex.App.--Fort Worth 2002, pet. dism’d). Rule 165a(1) authorizes dismissal when a party
or its counsel fails to appear at a hearing or trial. Tex.R.Civ.P. 165a(1). Rule 165a(2) authorizes
the court to dismiss a case when it is not disposed of in accordance with the time standards
prescribed by the supreme court.


 Tex.R.Civ.P. 165a(2). The record before us establishes that the
court relied on its inherent powers to dismiss a case for want of prosecution rather than Rule 165a(1)
or 165a(2).
            The decision to dismiss a case for want of prosecution rests within the sound discretion of
the trial court, and can be disturbed on review only if it amounted to a clear abuse of discretion. See
State v. Rotello, 671 S.W.2d 507, 508-09 (Tex. 1984); Dick Poe Motors, 169 S.W.3d at 484. A trial
court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts
without reference to any guiding rules or principles. See Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985); Dick Poe Motors, 169 S.W.3d at 484. The trial court may
consider the entire history of the case, including the amount of activity in the case, the length of time
the case was on file, requests for a trial date, and the existence of reasonable excuses for delay. See
Bilnoski v. Pizza Inn, Inc., 858 S.W.2d 55, 58 (Tex.App.--Houston [14th Dist.] 1993, no writ.); City
of Houston v. Malone, 828 S.W.2d 567, 568 (Tex.App.--Houston [14th Dist.] 1992, no writ). If the
order does not specify a particular reason for the dismissal, we will affirm if any proper ground
supports the dismissal. See Shook v. Gilmore & Tatge Mfg. Co., Inc., 951 S.W.2d 294, 296
(Tex.App.--Waco 1997, pet. denied); City of Houston v. Thomas, 838 S.W.2d 296, 297 (Tex.App.--Houston [1st Dist.] 1992, no writ). The appellant bears the burden of producing a record that shows
the trial court abused its discretion. Simon v. York Crane & Rigging Co., Inc., 739 S.W.2d 793, 795
(Tex. 1987).
            At the time the trial court issued its notice of intent to dismiss, Fox’s suit had been on file
for seven months with no activity other than two amendments of the petition. Fox did not cause
citation to be issued or the defendant served until after the court issued the Rule 165a notice. Fox
complains that the trial court prohibited him from presenting any evidence at the dismissal hearing,
but the record does not reflect that Fox offered or the court refused to consider any evidence relevant
to whether Fox had prosecuted his suit with due diligence. While Fox argues that the court refused
to consider evidence that Ward had been served on May 4, 2005, the trial judge had that evidence
before him. Fox did not offer any evidence explaining the delay in service nor did he establish that
he had prosecuted the case with due diligence. Because the record before us does not demonstrate
an abuse of discretion, we overrule the sole issue for review and affirm the dismissal order.

November 30, 2005                                                     
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.