Affirmed and Memorandum Opinion filed February 8, 2011.

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00015-CV



 

Billy Ray Risley, Appellant

V.

Francisco Alvarez and Mario
Madrid, Appellees

 



On Appeal from the 190th
District Court

Harris County, Texas

Trial Court Cause No. 2009-15998



 

MEMORANDUM  OPINION

 

Appellant Billy Ray Risley, an inmate of the Texas
Department of Criminal Justice appearing pro se before this Court, appeals the
trial court’s order of dismissal without prejudice for want of prosecution.  We
affirm.

Background

Risley sued Francisco Alvarez and Mario Madrid on
March 13, 2009 for fraud, slander, and “perjury.”  Risley alleged that Alvarez
lied while testifying in Risley’s criminal case.  Risley further alleged that
Madrid provided ineffective assistance of counsel in his criminal case by
supporting Alvarez’s perjury and slander.  In his petition, which he called
“Preliminary Statement,” Risley asked the court clerk to “file stamp and place
before the proper civil court and to give [Risley] proper notification of this
civil action being filed and cause number and what court [sic] assigned to.” 
Risley filed a Motion for Leave on May 11, 2009 asking the Court of Criminal
Appeals to issue a writ of mandamus and alleging that the county district clerk
refused to perform her ministerial duty “to file, give cause number, and assign
civil suit before the proper court and to notify Relator of the cause number
and f[i]ling date.”

The trial court issued a “Notice of Intent to Dismiss
— No Answer Filed” on August 3, 2009, advising Risley that the case would be
dismissed for want of prosecution unless one of the following actions occurred
on or before September 28, 2009: (1) Risley filed and had heard a meritorious
motion for default judgment; (2) an answer was filed; or (3) Risley filed a
verified motion to retain showing good cause to retain the case or diligence in
prosecuting the case, and appeared at the dismissal hearing on September 28,
2009.  

Risley filed a “Meritorious Motion for Default
Judgment with ‘Affidavit’” on August 25, 2009.  In his motion, Risley stated
that he sent a correct copy of his “Preliminary Statement” to Alvarez and
Madrid believing that he has accomplished service of process.  In his attached
affidavit, Risley stated that he has sent several notices of civil action to
Alvarez and Madrid “by placing [the complaint] into the prison mailbox in a prepaid
first rate postage.”  He also stated that he “attempted on several occasion’s [sic]
to file and request case number and judicial district court number to . . .
clerk for the Harris County District Court.”

On September 22, 2009, Risley asked the trial court to
set his motion for default judgment for submission on September 28, 2009.  The
trial court denied Risley’s motion for default judgment on October 2, 2009
because “Return of service is deficient;” “Non-military affidavit is
insufficient or missing;” and “Proof of damages is inadequate.”

The trial court issued another “Notice of Intent to
Dismiss — No Answer Filed” on October 16, 2009, advising Risley that the case
would be dismissed for want of prosecution unless one of the following actions
occurred on or before November 23, 2009: (1) Risley filed and had heard a
meritorious motion for default judgment; (2) an answer was filed; or (3) Risley
filed a verified motion to retain showing good cause to retain the case or
diligence in prosecuting the case, and appeared at the dismissal hearing on November
23, 2009.

On October 23, 2009, Risley filed a “More Definant
Statement” in which he expanded on his allegations in support of his claims for
“perjury” and slander against Alvarez and Madrid.  Risley filed a “Request for
Court to Give Notice and Service of Complaint” on October 23, 2009, in which he
asked the trial “court to issue an order that Notice and Service of this
Complaint and all filings be served by either a Harris County Deputy Sheriff or
Constable.”  On the same day, Risley also filed a “Request to Clerk” to submit
his “More Definant Statement” and his “Request for Court to Give Notice and
Service of Complaint” to the trial court for a ruling.

Risley filed a motion to retain on November 9, 2009. 
In his motion, Risley stated that he filed “his complaint on March 8, 2009,”
but “could not file any motions or[] request for summons until this clerk
preformed [sic] her job by filing this complaint and notifing [sic] [him] of
this case number and court number assigned to said court.”  Risley listed three
dates on which he “wrote letters of inquiry to this complaint . . . as to the
date filed and case number, nevertheless, [he] received no responses until this
clerk sent her” the first notice of dismissal for want of prosecution.  Risley
asked the clerk or court to retain this case “until summons has been done and
either defendant’s [sic] respond’s [sic] or [Risley’s] soon to be filed
plaintiffs [sic] motion for clerk’s entry of default to [be] filed no later
than November 18, 2009.”

Risley also alleged in his motion to retain that he “made
a prima facie showing of due diligence in prosecuting this action with no fault
by plaintiff.”  Risley stated that “the fault was due to negligence of this
honorable court clerk.  No fault to plaintiff.”  Finally, Risley argued that
“it would be error for this court clerk to dismiss for want of prosecution when
[Risley] has stated in the beginning that he is incarcerated and request[ed] to
be present at any and all hearings to which can be construed as a request for a
bench warrant.”

Risley filed a “Motion to Court Clerk for Default
Entry” on November 18, 2009.  In this motion, Risley alleged that Alvarez was
properly served on March 8, 2009, and Madrid was properly served on April 3,
2009 pursuant to Texas Rule of Civil Procedure 21a.  Risley alleged that
neither defendant filed a pleading or answer within 20 days of the date of
service.  He requested that the clerk enter “default against the two
defendant’s [sic] for failing to respond to the summons filed by [Risley] on
March 8, 2009 to Francisco Alvarez and reserved on Mario Madrid on April 3,
2009.”  Risley argued that “it is time for this honorable clerk to enter
default against” Alvarez and Madrid because he “has shown that defendant’s
[sic] was [sic] served by mail and that he requested summons be served by
Harris County deputy sheriff or constable on October 16, 2009 and it has been
over 30 day’s [sic] since request was made to this clerk per rule 126 and still
the defendant’s [sic] have failed to respond.”

The trial court dismissed Risley’s case on December
18, 2009 without prejudice for want of prosecution.  Risley filed a timely
appeal on January 6, 2010.

Standard of
Review

A trial court has authority to dismiss a case for
want of prosecution under either Texas Rule of Civil Procedure 165a or the
court’s inherent power.  Villarreal v. San Antonio Truck & Equip.,
994 S.W.2d 628, 630 (Tex. 1999).  A trial court may dismiss a case for want of
prosecution on the failure of a party seeking affirmative relief to appear for
a hearing or trial if the party had notice that dismissal could result from the
party’s failure to appear, or when the case is not disposed of within the time
standards set by the Texas Supreme Court.  Tex. R. Civ. P. 165a.  A trial court
may dismiss under its inherent power when a plaintiff fails to prosecute his
case with due diligence.  Villarreal, 994 S.W.2d at 630. 

The standard of review of a trial court’s dismissal
for want of prosecution is abuse of discretion.  MacGregor v. Rich, 941
S.W.2d 74, 75 (Tex. 1997) (per curiam).  An abuse of discretion occurs if the
trial court acts without reference to any guiding rules or principles or acts
in an arbitrary or unreasonable manner.  Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).  An abuse of discretion is not
demonstrated merely because a trial court may decide a matter within its
discretion in a different manner than an appellate court would in a similar
circumstance.  Id. at 242.  In reviewing a trial court’s dismissal order,
we look at the entire history of the case and perform a fact intensive,
case-by-case determination.  Olin Corp. v. Coastal Water Auth., 849
S.W.2d 852, 856-58 (Tex. App.—Houston [1st Dist.] 1993, no writ).  If the dismissal
order does not specify a particular reason for the dismissal, we will affirm if
any proper ground supports the dismissal.  See Shook v. Gilmore & Tatge
Mfg. Co., 951 S.W.2d 294, 296 (Tex. App.—Waco 1997, writ denied).

Analysis

Risley raises five issues on appeal.  In his first
issue, Risley argues that the trial court abused its discretion by dismissing
his case for want of prosecution because he “had shown [the] trial court that
he had diligently sought what court and case number, yet [the] clerk never
responded until he received trial court[’]s Intent to dismiss.”  Risley
contends that “[i]f [he] had shown the court that it was the trial clerk[’]s faulght
[sic] and not his then it was an abuse of trial court’s discretion to dismiss
for want of prosecution.”

In the trial court, Risley made substantially the
same argument.  He contended in his motion to retain that he “has made a prima
facie showing of due diligence in prosecuting this action with no fault”
because he “wrote letters of inquiry” to the court clerk concerning his case
number and court number.  Risley’s assertion that the trial court abused its
discretion by dismissing Risley’s case for want of prosecution because he
“diligently sought what court and case number” is without merit.  Seeking a case
and court number does not show diligent prosecution because Risley never
requested issuance of citation from the court clerk and never accomplished
serving Alvarez and Madrid.

In Texas, a party bringing suit must request the
clerk of court to issue citation and arrange for service of citation and
petition (or waiver thereof) on the defendants in the lawsuit.  See Tex.
R. Civ. P. 99-107. Risley filed suit on March 13, 2009, and the trial court
dismissed his case on December 18, 2009 after sending Risley two notices of
intent to dismiss.  Although Risley filed motions for default judgment and a
motion to retain, Risley never procured issuance and service of citation.  Nor
did Risley provide an explanation for why he did not request issuance of
citation and why he made no attempt to properly serve Alvarez and Madrid as
required by the rules of civil procedure.  See Tex. R. Civ. P. 99-107.  

Failure to procure the issuance and service of
citation upon Alvarez and Madrid for over nine months shows that Risley did not
exercise diligence in prosecuting his case; therefore, the trial court acted
within its discretion dismissing Risley’s case for want of prosecution.  See
Fox v. Wardy, 225 S.W.3d 198, 200 (Tex. App.—El Paso 2005, pet. denied)
(trial court did not abuse its discretion dismissing case for want of
prosecution when plaintiff did not procure issuance of citation and service
until trial court issued its notice of intent to dismiss seven months after
suit was filed and plaintiff did not provide any explanation for the delay in
service); Lewis v. Dretke, No. 2-05-187-CV, 2005 WL 2692069, at *1 (Tex.
App.—Fort Worth October 20, 2005, pet. transferred to Court of Criminal Appeals
Apr. 7, 2006) (mem. op., per curiam) (trial court did not abuse its discretion
in dismissing inmate’s case for want of prosecution when no citation was
requested and no attempts at service were made for approximately 11 months). 

Accordingly, we overrule Risley’s first issue.

In his second issue, Risley contends that the trial
court abused its discretion by dismissing his case for want of prosecution nine
months after he filed suit because the current time standards set by the Texas
Supreme Court for disposal of cases is eighteen months.  Risley cites to Wright
v. Tex. Dep’t of Crim. Jus. – Inst. Div., 137 S.W.3d 693, 696 n.5 (Tex.
App.—Houston [1st Dist.] 2004, no pet.), to support his assertion.

As we have outlined above, and as the court in Wright
stated, “A trial court can dismiss a case for want of prosecution under the
following three situations: (1) when a party seeking affirmative relief fails
to appear for any hearing or trial of which the party had notice, (2) when the
case is not disposed of within the time standards of the supreme court, or (3)
when the trial court finds that the case has not been prosecuted with due
diligence.”  Id.  Consequently, the trial court was not required to wait
18 months to dismiss Risley’s case; it had the authority to dismiss if it
concluded that Risley did not diligently prosecute his case.  See id.; see
also Fox, 225 S.W.3d at 199-200 (trial court dismissed case for want
of prosecution within seven months of filing); Lewis, 2005 WL 2692069,
at *1 (trial court dismissed case within 11 months of filing).  

We already have determined in issue number one that
the trial court acted within its discretion dismissing Risley’s case because
Risley failed to prosecute his case with due diligence.  Therefore, we conclude
that the trial court acted within its discretion when it dismissed Risley’s
case within nine months of filing.

Accordingly, we overrule Risley’s second
issue.

In his third issue, Risley makes the following
statements: “Appellant states that it is an abuse of trial court’s discretion
to dismiss appellant’s case without her considering’s [sic] being applied
[l]iberally with broad interpretation’s [sic];” and “Appellant states that for
trial court to not consider all things [l]iberally, that this is an abuse of
trial court[’]s discretion and this should be remanded back to trial court.”

Because we are unable to understand Risley’s
argument, it presents nothing for our review.  See Tex. R. App. P. 38.1(i)
(requiring briefs to contain a clear and concise argument for the contentions
made).  In the event Risley attempted to argue that the trial court abused its
discretion by not liberally construing his pleadings, such an argument is
irrelevant and, thus, without merit because we are not considering the merits
of his case.

Accordingly, we overrule Risley’s third issue.

In his fourth issue, Risley seems to recast the
argument he made in his first issue.  Risley argues that the trial court abused
its discretion by not considering his motion to retain when he showed “to the
trial court in his motion to retain that it was not a lack of due diligence of
plaintiff, but in fact was trial court clerk[’]s faulgt [sic] for not given [sic]
notice upon receipt of complaint and case number and court number assign [sic] to.”

We have already concluded that Risley’s claim of due
diligence is without merit and that the trial court acted within its discretion
dismissing Risley’s case because Risley did not exercise diligence in
prosecuting his case when he failed to procure issuance of citation and service
of citation upon Alvarez and Madrid for over nine months after filing suit.  We
rejected Risley’s argument that the court clerk’s alleged failure to inform
Risley of the case and court number “is adequate justification for not
prosecuting this case.”

To the extent Risley is attempting to argue that the
court clerk failed to serve Alvarez and Madrid, this argument is without merit
because Risley never asked the clerk to issue citation or serve the defendants
in this case.  Finally, we reject Risley’s reliance on Texas Rule of Appellate
Procedure 4.2(c) for the following proposition: “‘The lack of clerk’s notice to
[Risley] of court number, case number and filing date is court error not [Risley’s]
lack of due diligence.”’  Rule 4.2(c) is inapplicable in this case.

Rule 4.2(c) requires a trial court to make a finding
on the operative date of a trial court’s judgment when a party does not receive
notice — as required by Texas Rule of Civil Procedure 306a(3) — or acquire
actual knowledge that a judgment has been signed in a case.  See Tex. R.
App. P. 4.2(c); Tex. R. Civ. P. 306a(3).  Rule 4.2(c) provides that “[a]fter
hearing the [Rule 306a] motion,[1]
the trial court must sign a written order that finds the date when the party or
the party’s attorney first either received notice or acquired actual knowledge
that the judgment or order was signed.”  Tex. R. App. P. 4.2(c).  Thus, Rule
4.2(c) does not support Risley’s argument. 

Accordingly, we overrule Risley’s fourth issue.

In his fifth issue, Risley contends that the trial court
abused its discretion by not considering two bench warrant requests.

After the trial court issued its first notice of
intent to dismiss on August 3, 2009, Risley filed a motion for default judgment
on August 25, 2009.  On September 22, 2009, Risley filed a request for “Submition”
asking the trial court to hear his motion for default judgment on September 28,
2009.  Risley also requested “that this Honorable Court contact a Mrs[.]
Hastings here at the C.T. Terrell Unit informing her that the court is
requesting T.D.C.J.-ID to escourt [sic] me for a one day hearing only. 
T.D.C.J.-ID will then bring me to this court hearing.”  Risley contends that
the trial court denied his request for bench warrant on October 2, 2009 when it
denied his motion for default judgment.  

Even if we interpret Risley’s request as a request
for a bench warrant, we cannot conclude that the trial court erred by denying
it.  Although litigants cannot be denied access to the courts simply because
they are inmates, inmates do not have an absolute right to appear in court in
person in every court proceeding.  In re Z.L.T., 124 S.W.3d 163, 165
(Tex. 2003).  Instead, the inmate’s right of access to the courts must be
weighed against the protection of the correctional system’s integrity.  Id.
 A trial court should consider a number of factors, including: the cost and
inconvenience of transporting the prisoner to the courtroom; the security risk
the prisoner presents to the court and public; whether the prisoner’s claims
are substantial; whether the matter’s resolution can reasonably be delayed
until the prisoner’s release; whether the prisoner can and will offer
admissible, noncumulative testimony that cannot be effectively presented by
deposition, telephone, or some other means; whether the prisoner’s presence is important
in judging his demeanor and credibility; whether the trial is to the court or a
jury; and the prisoner’s probability of success on the merits.  Id. at
165-66. 

The burden is on the inmate to establish his right to
relief, and if the inmate fails to present sufficient information to the trial
court for the trial court to evaluate whether the inmate’s participation in a
hearing is warranted, the trial court has no independent duty to evaluate the
factors and does not abuse its discretion by denying the request.  Id.
at 166.

Risley’s request for a bench warrant included no
information by which the trial court could assess the necessity of his
appearance; nor did it provide any factual information showing why his interest
in appearing outweighed the impact on the correctional system.  Because Risley
failed to argue why his participation in a hearing on his motion for default
judgment was warranted, the trial court did not abuse its discretion in
impliedly denying the request.  See id.

Risley also contends that the trial court abused its
discretion by denying a second request for bench warrant he allegedly filed on
November 3, 2009.  Because nothing in the record before this court supports
Risley’s assertion that he filed a second request for bench warrant, his
argument presents nothing for our review.

Accordingly, we overrule Risley’s fifth issue.

Conclusion

We affirm the trial court’s judgment.








                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Justices Seymore,
Boyce, and Christopher.

 

 

 









[1]
In order to establish that no notice has been received as required by Rule
306a, “the party adversely affected is required to prove in the trial court, on
sworn motion and notice, the date on which the party or his attorney first
either received a notice of the judgment or acquired actual knowledge of the
signing and that this date was more than twenty days after the judgment was
signed.”  Tex. R. Civ. P. 306a(5).