**Opinion issued January 31, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00591-CV

———————————

## IN RE J.M.H., A CHILD

———————————

**On Appeal from the 387th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 08-DCV-167174**

———————————

**MEMORANDUM OPINION**

Appellant, Mark Parmer, petitioned the trial court to change the surname of

J.M.H., his biological minor son who was born during his previous marriage, to his

own surname. The trial court dismissed Parmer's petition for want of prosecution.

In two issues, Parmer contends that the trial court abused its discretion by (1) not

changing J.M.H.'s surname to his own surname and (2) dismissing his petition without conducting a trial.

We affirm.

## Background

On September 24, 2008, Parmer filed a petition to change the surname of his biological minor son, J.M.H., to his surname. Parmer alleged that J.M.H. was born during his marriage to his former wife and that, although it was undisputed that J.M.H. was his biological son, his former wife told him that she gave J.M.H. her maiden name as his surname because "the insurance company would not insure the child while having [Parmer's] surname." The record does not reflect that Parmer's former wife was ever served with the petition, nor does it reflect that she ever entered an appearance in the proceedings.

On April 4, 2011, the trial court mailed Parmer a letter entitled "Notice of Trial/Dismissal Setting." This letter informed Parmer that the case was "set for trial/dismissal" on May 23, 2011, at 10:00 a.m. and that he was responsible for notifying all other parties and counsel of this setting. The letter also stated, "This case may be dismissed for want of prosecution on date of the Trial/Dismissal docket if by then, there is no announcement of ready with all preliminary matters addressed or scheduled. There are no continuances. All resets must be granted by the Court."

Because Parmer is incarcerated, the trial court issued a bench warrant to ensure Parmer's presence at the hearing. On May 23, 2011, the trial court held a hearing, at which Parmer was present, and signed an order dismissing the case for want of prosecution. No reporter's record exists of this hearing.

Two days later, on May 25, 2011, Parmer filed a motion to dismiss "all petitions and proceedings" in the case. In this motion, he stated that he was unable to afford counsel, that he was "currently entwined with criminal legal matters with regards to his innocence and his freedom," and that he believed that once he established his innocence, he and his former wife could come to a mutual agreement concerning J.M.H. The trial court did not rule on this motion.

The Fort Bend County District Clerk notified Parmer that his petition had been dismissed for want of prosecution. Parmer did not file a motion to reinstate the case; he did, however, file a notice of appeal.

**Dismissal for Want of Prosecution**

In his first issue, Parmer contends that the trial court abused its discretion by failing to change J.M.H.'s surname to his surname. In his second issue, Parmer contends that the trial court erred by dismissing his case without conducting a trial. We address these issues together.

A trial court has the authority to dismiss a suit for want of prosecution pursuant to two sources: Texas Rule of Civil Procedure 165a and its own inherent

3

power to dismiss when the plaintiff fails to prosecute the case with due diligence. *See Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *Fox v. Wardy*, 225 S.W.3d 198, 199 (Tex. App.—El Paso 2005, pet. denied); *see also* TEX. R. CIV. P. 165a (providing that trial court may dismiss case for want of prosecution when party seeking affirmative relief fails to appear for hearing or trial or when case is not disposed of within time standards proscribed by Texas Supreme Court).

The decision to dismiss a case for want of prosecution rests within the sound discretion of the trial court, and we will disturb this decision only if it amounts to a clear abuse of discretion. *Fox*, 225 S.W.3d at 199; *Allen v. Rushing*, 129 S.W.3d 226, 229 (Tex. App.—Texarkana 2004, no pet.) ("We review a trial court's dismissal of an inmate's civil suit for want of prosecution for an abuse of discretion."). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, without reference to any guiding rules or principles. *Fox*, 225 S.W.3d at 200 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). When determining whether to dismiss a case for want of prosecution, the trial court may consider the entire case, including the amount of activity in the case, the length of time the case was on file, requests for a trial date, and the existence of reasonable excuses for delay. *See id.* (citing *Bilnoski v. Pizza Inn, Inc.*, 858 S.W.2d 55, 58 (Tex. App.—Houston [14th Dist.] 1993, no writ) and

4

*City of Houston v. Malone*, 828 S.W.2d 567, 568 (Tex. App.—Houston [14th Dist.] 1992, no writ)); *WMC Mortg. Corp. v. Starkey*, 200 S.W.3d 749, 752 (Tex. App.—Dallas 2006, pet. denied) (listing same considerations and noting that no single factor is dispositive).

If the order dismissing the case does not specify a reason for the dismissal, we will affirm if any proper ground supports the dismissal. *See Herrera v. Rivera*, 281 S.W.3d 1, 6 (Tex. App.—El Paso 2005, no pet.); *Fox*, 225 S.W.3d at 200. The appellant bears the burden of presenting a record demonstrating that the trial court abused its discretion in dismissing the case. *See Herrera*, 281 S.W.3d at 6; *Fox*, 225 S.W.3d at 200. If the appellant fails to bring forth a record of the dismissal hearing, we indulge every presumption in favor of the trial court's findings and presume that the evidence before the trial court was adequate to support its decision. *See Herrera*, 281 S.W.3d at 6–7.

Here, Parmer filed his petition on September 24, 2008. At the time the trial court dismissed the case for want of prosecution on May 23, 2011, the case had been pending for more than two-and-a-half years with no activity. The record does not reflect that Parmer ever served the respondent, his former wife and J.M.H.'s mother, with the petition. *See Allen*, 129 S.W.3d at 231 ("Evidence of attempting to serve the named defendants is one of many factors an appellate court may consider in reviewing a trial court's order dismissing a case for want of

5

prosecution."). No reporter's record was taken of this hearing, and, therefore, the record does not reflect what questions the trial court asked Parmer at the hearing, whether Parmer offered any evidence at the hearing relevant to the issue of whether he had prosecuted his suit with diligence, or whether the trial court prohibited Parmer from offering any evidence at the hearing. *See Fox*, 225 S.W.3d at 200 ("Fox complains that the trial court prohibited him from presenting any evidence at the dismissal hearing, but the record does not reflect that Fox offered or the court refused to consider any evidence relevant to whether Fox had prosecuted his suit with due diligence."). There is no indication that Parmer presented any evidence explaining the delay in serving his ex-wife or demonstrating that he had prosecuted his suit with diligence, and, because Parmer failed to present a record of the dismissal hearing, we presume that the evidence before the trial court supports its decision to dismiss the suit for want of prosecution. *See Herrera*, 281 S.W.3d at 6–7; *Cappetta v. Hermes*, 222 S.W.3d 160, 164 (Tex. App.—San Antonio 2006, no pet.) ("To avoid dismissal, Cappetta was required to show he exercised reasonable diligence in prosecuting the case."). Moreover, Parmer did not file a motion to reinstate, and, in fact, two days after the dismissal hearing, Parmer filed his own motion to dismiss all petitions and proceedings in the case. *See Allen*, 129 S.W.3d at 231 (considering fact that

plaintiff did not file motion to reinstate when addressing whether plaintiff diligently prosecuted his case).

We conclude that the record before us does not demonstrate that the trial court abused its discretion when it dismissed Parmer's petition for want of prosecution. *See Fox*, 225 S.W.3d at 200 (holding that trial court did not abuse its discretion in dismissing case for want of prosecution when suit had been on file for seven months with minimal activity, citation was not issued and defendant was not served until after court issued Rule 165a notice, plaintiff presented no evidence that he offered and court refused to consider evidence relevant to whether he prosecuted suit with due diligence, and plaintiff presented no evidence explaining delay in service); *Allen*, 129 S.W.3d at 231 (noting, in affirming dismissal for want of prosecution, that case was on file for thirteen months, record did not indicate that plaintiff had contacted clerk's office to effectuate service of process, and plaintiff did not file motion to reinstate after dismissal). Because we conclude that the trial court did not abuse its discretion when it dismissed Parmer's petition for want of prosecution, we need not address the merits of Parmer's first issue concerning whether he was entitled to have J.M.H.'s surname changed to his surname. *See Herrera*, 281 S.W.3d at 6 (noting, if dismissal order does not specify reason for dismissal, we affirm if any proper ground supports trial court's decision).

7

We overrule Parmer's first and second issues.

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Massengale, and Brown.