Opinion issued March 14, 2013



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-11-00026-CV

_____

**RALPH O. DOUGLAS, Appellant**

**V.**

**JOYCE BOOKER, Appellee**

On Appeal from the 129th District Court
Harris County, Texas
Trial Court Case No. 2005-80795

## MEMORANDUM OPINION

Appellant, Ralph O. Douglas, challenges the trial court's November 22, 2010 order dismissing his bill-of-review proceeding against appellee, Joyce

Booker, for want of prosecution. Douglas contends that the trial court abused its discretion in dismissing his bill-of-review petition five years after he filed it.

We affirm.

## Background

Douglas filed a lawsuit on October 5, 2001, alleging that Booker breached their partnership contract related to some real estate investments. On June 17, 2002, Booker filed a no-evidence summary-judgment motion, and on November 4, 2002, she filed a summary-judgment motion on her affirmative defenses. The trial court granted Booker's motions on September 10, 2003. On December 21, 2005, Douglas filed a bill-of-review petition and summary-judgment motion, asserting that he had not received proper notification of the trial court's orders and the trial court erred in granting Booker's summary-judgment motions. The trial court dismissed this proceeding for want of prosecution on November 22, 2010. Douglas did not file a motion to reinstate the case. *See* TEX. R. CIV. P. 165a(3).

## Dismissal

A trial court has the authority to dismiss a civil suit for want of prosecution when a party seeking affirmative relief fails to appear for hearing or trial or when the case is not disposed of within time standards proscribed by Texas Supreme Court. TEX. R. CIV. P. 165a. Trial courts also have their own inherent power to dismiss a civil suit when a plaintiff fails to prosecute his case with due diligence.

2

*See Villarreal v. San Antonio Truck & Equip*., 994 S.W.2d 628, 630 (Tex. 1999); *Fox v. Wardy*, 225 S.W.3d 198, 199 (Tex. App.—El Paso 2005, pet. denied). This authority stems from the trial court's power to maintain and control its docket. *Maida v. Fire Ins. Exch*., 990 S.W.2d 836, 839 (Tex. App.—Fort Worth 1999, no pet.).

The decision to dismiss a case for want of prosecution rests within the sound discretion of the trial court, and we will disturb this decision only if it amounts to a clear abuse of discretion. *Fox*, 225 S.W.3d at 199; *Allen v. Rushing*, 129 S.W.3d 226, 229 (Tex. App.—Texarkana 2004, no pet.) (applying abuse of discretion standard to review of trial court's dismissal of inmate's civil suit for want of prosecution). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, without reference to any guiding rules or principles. *Fox*, 225 S.W.3d at 200 (citing *Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 241–42 (Tex. 1985)).

If the order dismissing the case does not specify a reason for the dismissal, we will affirm if any proper ground supports the dismissal. *See Herrera v. Rivera*, 281 S.W.3d 1, 6 (Tex. App.—El Paso 2005, no pet.); *Fox*, 225 S.W.3d at 200. The appellant bears the burden of presenting a record demonstrating that the trial court abused its discretion in dismissing the case. *See Herrera*, 281 S.W.3d at 6; *Fox*, 225 S.W.3d at 200. If the appellant fails to bring forth a record of the dismissal

hearing, we indulge every presumption in favor of the trial court's findings and presume that the evidence before the trial court was adequate to support its decision. *See Herrera*, 281 S.W.3d at 6–7.

Here, Douglas sued Booker in 2001, and after Booker's summary-judgment motions were granted in 2003, he did not, until December 21, 2005 file a bill-of-review proceeding and summary-judgment motion to challenge the trial court's action and assert that he had proven all of the elements of his claims. The record reflects that Douglas's next filing was not until October 3, 2006 when he filed a request to "re-urge plaintiff's motion for summary judgment." On the same date, Douglas filed a no-evidence summary-judgment motion and several discovery motions. The trial court denied Douglas's no-evidence summary-judgment motion on October 23, 2006. In February 2009, Douglas re-urged his other motions, including the original summary-judgment motion on his bill of review.

On October 8, 2010, the trial court sent Douglas a notice advising him that the disposition deadline for the matter to be dismissed for want of prosecution was November 8, 2010. The notice instructed Douglas to have the case set and heard before the November 8 deadline. It also informed him that the hearing dates had to be obtained from the court coordinator, and it provided her name and telephone number. On October 26, 2010, Douglas filed a response and asked the trial court for a pretrial hearing. The trial court entered an order dismissing the case on

4

November 22, 2010. Douglas asserts that the trial court abused its discretion in light of his request for a pretrial hearing in his response to the trial court's notice of the disposition deadline.

To avoid dismissal on the ground that the case was not prosecuted with diligence, Douglas is required to demonstrate that he exercised reasonable diligence in prosecuting his suit. *See MacGregor v. Rich*, 941 S.W.2d 74, 75–76 (Tex. 1997). In determining whether to dismiss a case for want of prosecution, a trial court may consider the entire case, including the amount of activity in the case, the length of time the case was on file, requests for a trial date, and the existence of reasonable excuses for delay. *City of Houston v. Robinson*, 837 S.W.2d 262, 264 (Tex. App.—Houston [1st Dist.] 1992, no writ). No single factor is dispositive. *Id.*; *Scoville v. Shaffer*, 9 S.W.3d 201, 204 (Tex. App.—San Antonio 1999, no pet.). Reasonable diligence is generally a question of fact. *MacGregor*, 941 S.W.2d at 75–76.

At the time the trial court dismissed the case, it had been pending for five years with little, intermittent activity. Douglas provided no excuses for delay in his response to the trial court's notice of the disposition deadline and offered no basis for "good cause" as to why the case should be maintained on the docket. *See* TEX. R. CIV. P. 165a. The only action Douglas took was to respond and ask for a pretrial hearing, and this is insufficient to show reasonable diligence. *See Jimenez*

5

*v. Transwestern Prop. Co.*, 999 S.W.2d 125, 129–30 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (reasonable diligence in prosecuting a suit is not established simply by a belated trial setting). Douglas has made no attempt to show that he contacted the court coordinator to have the case set and heard before the deadline as instructed in the court's notice. Moreover, Douglas did not file a motion to reinstate.

Based on these factors, the trial court could have reasonably concluded that Douglas failed to demonstrate that he had exercised reasonable diligence in prosecuting his suit. The record does not contain a transcript of the dismissal hearing; therefore, we presume the trial court's findings and any evidence was adequate to support its decision. *See Herrera*, 281 S.W.3d at 6–7. We hold that the record before us does not demonstrate that the trial court abused its discretion when it dismissed Douglas's bill of review for want of prosecution. *See Fox*, 225 S.W.3d at 200.

## Conclusion

We affirm the trial court's judgment.

Terry Jennings
Justice

Panel consists of Justices Jennings, Bland, and Massengale.

6