**Opinion issued July 2, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-01051-CV

_____

**NIKHIL DHANANI, Appellant**

**V.**

**J & N GLOBAL CONSTRUCTION LLC AND WILLIAM ALBERTO MIRANDA A/K/A ALBERTO MIRANDA, Appellees**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1110032**

---

## MEMORANDUM OPINION

Appellant, Nikhil Dhanani, challenges the trial court's August 7, 2018 order dismissing his suit against appellees, J & N Global Construction LLC and William Alberto Miranda, also known as Alberto Miranda (collectively, "appellees"), for

breach of contract and fraud. In his sole issue, Dhanani contends that the trial court erred in dismissing his suit for want of prosecution and failing to reinstate his case.

We reverse and remand.

## Background

On May 9, 2018, Dhanani filed his petition, alleging that he entered into a contract with appellees under which appellees agreed to remove the existing cooler doors and install twelve new cooler doors at Dhanani's convenience store. Dhanani paid appellees $12,000 pursuant to the parties' agreement. Appellees did not remove and install the cooler doors as promised, stopped speaking to Dhanani, and did not refund Dhanani's money. Dhanani brought suit against appellees for breach of contract and fraud.

On August 7, 2018, the trial court dismissed Dhanani's suit for want of prosecution. Dhanani timely filed a motion to reinstate his case, which was overruled by operation of law.[1] *See* TEX. R. CIV. P. 165a(3).

---

[1] On November 29, 2018, the trial court signed an order granting Dhanani's motion to reinstate and ordering that his case be reinstated and returned to the trial court's active docket. *See* TEX. R. CIV. P. 165a(3). However, the trial court's plenary power expired on November 21, 2018. *See id.* (if motion for reinstatement not decided by signed, written order within seventy-five days after judgment signed, motion deemed overruled by operation of law; trial court has plenary power to reinstate case until thirty days after timely motion to reinstate has been overruled, either by written, signed order or operation of law, whichever occurs first); *S. Main Bank v. Wittig*, 909 S.W.2d 243, 244 (Tex. App.—Houston [14th Dist.] 1995, no writ) ("A verified motion to reinstate extends the trial court's plenary power until 30 days after such [a] timely filed motion[] [is] overruled, either by a written, signed order or by operation of law."). Because the trial court signed the order reinstating

2

**Standard of Review**

The decision to dismiss a case for want of prosecution rests within the sound discretion of the trial court, and we will disturb this decision only if it amounts to a clear abuse of discretion. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997); *Fox v. Wardy*, 225 S.W.3d 198, 199–200 (Tex. App.—El Paso 2005, pet. denied); *see also Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401–02 (Tex. App.—Dallas 2001 pet. denied) (denial of motion to reinstate also reviewed for abuse of discretion). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *Fox*, 225 S.W.3d at 200.

If the order dismissing a suit does not specify a reason for the dismissal, we will affirm if any proper ground supports the dismissal. *See Herrera v. Rivera*, 281 S.W.3d 1, 6 (Tex. App.—El Paso 2005, no pet.); *City of Hous. v. Thomas*, 838 S.W.2d 296, 297 (Tex. App.—Houston [1st Dist.] 1992, no writ). The appellant bears the burden of presenting a record demonstrating that the trial court abused its

---

Dhanani's case after its plenary power had expired, the order is void. *See Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex. 1980); *Wittig*, 909 S.W.2d at 244 ("An order of reinstatement entered after the expiration of the court's plenary power is void because the trial court is without jurisdiction.").

discretion in dismissing his case. *See Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987); *Herrera*, 281 S.W.3d at 6.

## Dismissal

In his sole issue, Dhanani argues that the trial court erred in dismissing his suit for want of prosecution and failing to grant his motion to reinstate because the trial court did not give him warning or notice of its intention to dismiss his suit for want of prosecution.

The trial court's authority to dismiss a case for want of prosecution stems from two sources: (1) Texas Rule of Civil Procedure 165a and (2) the court's inherent power. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Under Rule 165a, a trial court may dismiss a civil suit for want of prosecution when a party seeking affirmative relief fails to appear for a hearing or trial of which the party had notice or when the case is not disposed of within the time standards proscribed by Texas Supreme Court. *See* TEX. R. CIV. P. 165a(1)–(2); *Villarreal*, 994 S.W.2d at 630. The trial court also has the inherent power to dismiss a civil suit when a plaintiff fails to prosecute his case with due diligence. *See Villarreal*, 994 S.W.2d at 630; *Fox*, 225 S.W.3d at 199. This authority stems from the trial court's power to maintain and control its docket. *Maida v. Fire Ins. Exch.*, 990 S.W.2d 836, 839 (Tex. App.—Fort Worth 1999, no pet.).

A party must be provided with notice and an opportunity to be heard before a trial court may dismiss a case for want of prosecution under either Rule 165a or its inherent authority. TEX. R. CIV. P. 165a(1); *Villarreal*, 994 S.W.2d at 630; *see also Chisti v. Chisti*, No. 01-13-00780-CV, 2015 WL 967715, at *2 (Tex. App.—Houston [1st Dist.] Mar. 3, 2015, no pet.) (mem. op.); *Gonzalez v. Pena*, No. 04-16-00668-CV, 2017 WL 3270406, at *2 (Tex. App.—San Antonio Aug. 2, 2017, no pet.) (mem. op.). As Rule 165a provides, in pertinent part:

> Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service.

TEX. R. CIV. P. 165a(1).

A trial court's failure to provide adequate notice of its intent to dismiss requires reversal because a party's due process rights have been violated. *Villarreal*, 994 S.W.2d at 630–31; *Gonzalez*, 2017 WL 3270406, at *2. When an appellant has the opportunity to move for reinstatement, he waives any due process rights if he fails to move to reinstate his case. *Wright v. Tex. Dep't of Criminal Justice–Institutional Div.*, 137 S.W.3d 693, 695 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *see also Chisti*, 2015 WL 967715, at *2.

Here, the record does not contain notification to Dhanani of the trial court's intention to dismiss his case under either Rule 165a or its inherent authority. *See*

*Chisti*, 2015 WL 967715, at *2. Instead, the only notice contained in the record is a notice from August 7, 2018 stating that the trial court had signed a dismissal order on that day. *See id.*

After receiving notice of the trial court's dismissal order, Dhanani filed a timely verified motion to reinstate within thirty days of the dismissal order and requested a hearing. *See id.* In his motion to reinstate, Dhanani explained that he did not receive notice from the trial court of its intention to dismiss his suit for want of prosecution. *See id.* Dhanani's motion to reinstate was overruled, without a hearing, by operation of law on October 22, 2018.[2] *See* TEX. R. CIV. P. 165a(3); *see also* TEX. R. CIV. P. 4.

---

[2] Although the trial court appears to have held a hearing on Dhanani's motion to reinstate on November 5, 2018, this hearing was held after the motion had been overruled by operation of law. *See* TEX. R. CIV. P. 165a(3); *see also* TEX. R. CIV. P. 4. This fact distinguishes the instant case from other cases where we have explained that when a trial court holds a timely hearing on an appellant's motion to reinstate and considers the appellant's arguments for reinstatement, any due process concerns have been remedied. *See, e.g.*, *Templos v. Ford Motor Co.*, No. 01-12-00636-CV, 2013 WL 2948316, at *1–3 (Tex. App.—Houston [1st Dist.] June 11, 2013, no pet.) (mem. op.) (trial court denied motion to reinstate on merits after holding timely hearing; motion not overruled by operation of law prior to hearing); *Wilson v. Wilson*, No. 01-06-00908-CV, 2010 WL 2545579, at *3, *8 (Tex. App.—Houston [1st Dist.] June 24, 2010, no pet.) (mem. op.); *Chambers v. O'Quinn*, 305 S.W.3d 141, 153 (Tex. App.—Houston [1st Dist.] 2009, pet. denied); *Luna v. United Parcel Serv., Inc.*, No. 01-02-00144-CV, 2003 WL 139592, at *1–3 (Tex. App.—Houston [1st Dist.] Jan. 9, 2003, pet. denied) (not designated by publication); *see also Jimenz v. Transwestern Prop. Co.*, 999 S.W.2d 125, 128–29 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

Because Dhanani moved for reinstatement of his suit within thirty days of the trial court's dismissal in response to notification that the trial court had dismissed his suit for want of prosecution and demonstrated a lack of notice of the trial court's intention to dismiss, he did not waive any argument that his due process rights were violated. *See Chisti*, 2015 WL 967715, at *2; *cf. Wright*, 137 S.W.3d at 695. Accordingly, we hold that the trial court erred in dismissing Dhanani's suit for want of prosecution without providing notice of its intention to dismiss, and Dhanani preserved that error by filing his motion to reinstate, which was overruled by operation of law. *See Chisti*, 2015 WL 967715, at *2.

We sustain Dhanani's sole issue.

## Conclusion

We reverse the trial court's dismissal order and remand the case to the trial court for reinstatement and further proceedings consistent with this opinion.

Julie Countiss
Justice

Panel consists of Justices Lloyd, Landau, and Countiss.