

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-22-00083-CV |
| IN THE INTERST OF | § | Appeal from the |
| SEBASTIAN AGUILERA, | § | 383rd Judicial District Court |
| A CHILD. | § | of El Paso County, Texas |
| | § | (TC# 2010AG3943) |

**O P I N I O N**

Appellant Adrien Rene Harper, proceeding pro se, appeals from an order dismissing his motion to modify child support for want of prosecution. He raises two issues for our review. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant filed his "Prior Parent's Original Motion to Modify/Contest Child Support Payment/Seizure" on September 24, 2021. On the same day, he also filed an "Petitioner's Original motion to Vacate Lien Unauthorized by Law." In his filings, he made numerous allegations, ultimately seeking to recover payments he claims were improperly seized from his inmate trust account. He attached a document entitled "Notice of Lien" as an exhibit to his motions. The notice identified Appellant as the Obligor of an unpaid child support obligation arising from a child

support order entered in November 2014. Appellant did not contact the clerk's office with any instructions to serve or cite the Attorney General, the named defendant.

On March 1, 2022, the trial court held a final dismissal hearing. On April 13, 2022, the trial court entered an order of dismissal for want of prosecution. This appeal followed.

## II. ISSUES ON APPEAL

In his first issue, Appellant complains that the trial court denied him the opportunity to dispute the seizure of stimulus payments to satisfy his child support obligation. In his second issue, Appellant contends his child support obligation should have been readjusted because his parental rights to the child were terminated while he was incarcerated.

As an initial matter, we recognize Appellant is a pro se litigant. Accordingly, we construe his brief liberally and take both his complaints as a challenge to the trial court's order dismissing his cause for want of prosecution. *See Palmer v. Off. of the Att'y Gen.*, 656 S.W.3d 640, 644 (Tex. App.—El Paso 2022, no pet.) (recognizing that courts consider pro se briefing "liberally and with patience"). However, we also note that pro se litigants are not exempt from the rules of procedure and do not otherwise gain an unfair advantage by virtue of their pro se status. *Id.* We address both issues together.

## III. STANDARD OF REVIEW

We review a trial court's decision to dismiss for want of prosecution under an abuse of discretion standard. *Id.* We reverse a trial court's decision to dismiss a cause for want of prosecution "only if it amounted to a clear abuse of discretion." *Id.* (quoting *Fox v. Wardy*, 225 S.W.3d 198, 199–200 (Tex. App.—El Paso 2005, no pet.)). "A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding rules or principles." *Id.* (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238,

241–42 (Tex. 1985)). If the trial court's order does not specify the reason for dismissal, we will affirm if any proper ground supports the dismissal. *Fox*, 225 S.W.3d at 200 (citing *Shook v. Gilmore & Tatge Mfg. Co. Inc.*, 951 S.W.2d 294, 296 (Tex. App.—Waco 1997, writ denied)).

## IV. APPLICABLE LAW

A trial court's authority to dismiss a suit for want of prosecution is derived from two sources: Rule 165a of the Texas Rules of Civil Procedure, and the trial court's inherent power. TEX. R. CIV. P. 165a; *see Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). The trial court may dismiss under Rule 165a on "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," or when a case is "not disposed of within time standards promulgated by the Supreme Court . . . ." TEX. R. CIV. P. 165a(1)–(2). The common law vests the trial court with the inherent power to dismiss a cause when "a plaintiff fails to prosecute his or her case with due diligence." *Villarreal*, 994 S.W.2d at 630.

When the trial court exercises either authority, it must provide notice and opportunity to the parties. *See id.*; TEX. R. CIV. P. 165a(1) ("Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record . . . .")."The failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal" *Villarreal*, 994 S.W.2d at 630–31.[1]

---

[1] The clerk's record does not show when the trial court notified Appellant of its intent to dismiss the cause for want of prosecution, and Appellant does not contest notice in his appellate brief. However, we note for the sake of completion, and because Appellant has alleged various due process violations, Appellant acknowledged his receipt "by first class mail on December 27, 2021, Honorable Associate Judges Order to set final hearing . . . March 1, 2022." Appellant refers to the March hearing as the "now pending dismissal hearing" in other letters to the trial court. Accordingly, we conclude the record supports that Appellant received proper notice. *See General Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 (Tex. 1991) (holding, in a writ of error proceeding, that "[t]he absence from the record of affirmative proof that notice of intent to dismiss or of the order of dismissal was provided does not establish error [on the face of the record]").

A trial court may dismiss for want of prosecution if the plaintiff fails to "use reasonable diligence to advance the case" to trial. *Allen v. Rushing*, 129 S.W.3d 226, 230 (Tex. App.—Texarkana 2004, no pet.). The rules of procedure require that every pleading, plea, motion, or application for an order "*must* be filed with the clerk of court . . . and at the same time, a true copy *must* be served on all other parties . . . ." TEX. R. CIV. P. 21(a) (emphasis added). Once a plaintiff files an original petition, citation should issue and be served on all named defendants. TEX. R. CIV. P. 21(a), 99(a). "Upon the filing of the petition, the clerk, *when requested*, shall forthwith issue a citation and deliver the citation *as directed by the requesting party*. The party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition." TEX. R. CIV. P. 99(a) (emphasis added). The plaintiff bears the burden to ensure service, and the "duty to exercise diligence continues until service of process is achieved. *Allen*, 129 S.W.3d at 231 (quoting *Boyattia v. Hinojosa*, 18 S.W.3d 729, 733 (Tex. App.—Dallas 2000, pet. denied).

Whether the record demonstrates that the plaintiff attempted to serve the named defendants is one of the factors appellate courts consider when reviewing a trial court's order dismissing a cause for want of prosecution. *Id.* Incarcerated pro se plaintiffs are not exempt from this procedural requirement and must demonstrate due diligence to serve defendants. *Id.* However, appellate courts have recognized the "level of reasonable diligence for [incarcerated plaintiffs] is somewhat lower than that for litigants who are free and represented by counsel." *In re Marriage of Buster*, 115 S.W.3d 141, 144 (Tex. App.—Texarkana 2003, no pet.).

## V. DISCUSSION

Here, the trial court's order does not give its reason for dismissing the cause for want of prosecution. Appellant filed his original motion in September 2021. Six months later, in

4

March 2022, the trial court held a final dismissal hearing. The case remained on the docket for one more month before the trial court entered its final order. The record does not show that Appellant contacted the clerk's office with instructions to serve or cite the Attorney General.

The record does contain, as an attachment to one of Appellant's filings, a letter addressed to the Attorney General that is marked "return to sender." The letter does not contain any attempt to serve or notify the Attorney General about appellant's lawsuit. Further, the letter is dated April 20, 2021. Appellant filed his suit five months later, in September. Therefore, Appellant's attempt to contact the Attorney General cannot show diligence or attempted service.

Appellant had the burden to prosecute his case with diligence. We cannot say the record shows he met his burden. We therefore conclude the trial court did not abuse its discretion by dismissing Appellant's case for want of prosecution. All pending motions are denied as moot. We overrule Appellant's issues.

## VI. CONCLUSION

The judgment of the trial court is affirmed.

MELISSA GOODWIN, Justice

March 31, 2023

Before Rodriguez, C.J., Soto and Goodwin, J.J.