COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| NOEL LIFE, | § | No. 08-23-00254-CV |
| Appellant, | § | Appeal from the |
| v. | § | 448th Judicial District Court |
| EDWARD ZUNIGA, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2022DCV1964) |

## MEMORANDUM OPINION

Appellant Noel Life appeals the trial court's orders dismissing her case against Appellee Edward Zuniga for want of prosecution, denying her motion to serve Zuniga with process by email, and denying her motion to consolidate the case with one pending in another court. For the reasons stated below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 5, 2022, Life filed suit *pro se* against Zuniga seeking damages and alleging that he caused the death of some of her animals, received overpayments of rent, and wrongfully used Life's fencing, materials, sand, and supplies. In addition to the underlying suit which was filed in the 448th District Court, there was a suit pending in El Paso County Court Number Three between the parties that was an appeal of a Justice Court decision.

Life did not request a citation for service of process until September 15, 2022 and then again on November 10, 2022. The record does not show that there was an attempt at service with the September citation. The district clerk did attempt to serve Zuniga by certified mail in November 2022, but the mail was returned as having an insufficient address. Eight months later—on July 26, 2023—the trial court issued a notice of intent to dismiss the case and set a hearing on that motion for August 30, 2023. That same day, Life filed a motion to consolidate her case in the 448th with the Justice Court appeal pending in the County Court, and to allow her to serve Zuniga with citation by email.

At the dismissal hearing, Life informed the trial court that she had also learned of Zuniga's PO Box address and had just made another request for service of citation at that address. On August 31, 2023, the trial court entered an order denying Life's motion to consolidate and request for service of citation by email. The trial court entered a separate order dismissing the case for want of prosecution.

Life timely appealed. We construe her brief as arguing that the trial court abused its discretion in denying her motion to consolidate, denying her request to serve Zuniga with citation through e-mail, and dismissing the case for want of prosecution.[1]

## STANDARD OF REVIEW AND APPLICABLE LAW

A court can dismiss a case for want of prosecution pursuant to either Rule 165a or its inherent authority. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Rule 165a permits dismissal (1) "on failure of any party seeking affirmative relief to appear for

---

[1] Life is *pro se* on appeal as she was in the trial court. While we construe briefs liberally, we hold *pro se* appellants to the same standards as attorneys. *Interest of Aguilera*, 668 S.W.3d 908, 910 (Tex. App.—El Paso 2023, no pet.).

any hearing or trial of which the party had notice" or (2) for "[a]ny case not disposed of within time standards promulgated by the Supreme Court." *Id.*; Tex. R. Civ. P. 165a(2). Courts also have inherent power to dismiss a case under common law when "a plaintiff fails to prosecute his or her case with due diligence." *Villarreal*, 994 S.W.2d at 630. The dismissal in this case falls under this latter category.

We review a dismissal for want of prosecution for an abuse of discretion. *Fox v. Wardy*, 225 S.W.3d 198, 199 (Tex. App.—El Paso 2005, pet. denied). "A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding rules or principles." *Id.* at 200. "If the order does not specify a particular reason for the dismissal, we will affirm if any proper ground supports the dismissal." *Id.*

## ANALYSIS

In determining whether a party prosecuted her case with due diligence, courts consider a variety of factors, including whether the other party has been served and the efforts to do so. *Interest of Aguilera*, 668 S.W.3d 908, 911 (Tex. App.—El Paso 2023, no pet) (affirming dismissal when case was pending for six months without any attempt at service).The record in this case shows that in the almost 13 months between when Life filed the original suit and the court gave notice of its intent to dismiss, Life requested that the clerk issue citation two times and attempted service once. She did not request issuance of citation when suit was filed, but rather waited almost two months to first have process issued (which the record does not show any attempt to serve). She had citation issued for service by certified mail in November 2022, which was returned for a bad address. She did not take any action to secure service over the course of the next eight months. She did not provide any evidence at the hearing about why she had not made any other attempts.

3

By the time of the hearing, Life had filed a motion requesting that she be allowed to serve Zuniga with process by email. That motion was problematic on its face. Rule 106(b) allows a court to authorize service by email (as well as other alternate methods) "[u]pon motion supported by a statement–sworn to before a notary or made under penalty of perjury–listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted . . . at the location named in the statement but has not been successful . . . ." Tex. R. Civ. P. 106(b). Life's motion was made under penalty of perjury and states that she attempted service through certified mail, but it does not state the location where Zuniga can probably be found. It states only that Zuniga is a resident of El Paso County. When the requirements of Rule 106 are not strictly complied with, the court cannot authorize alternate forms of service and, if it does, such service has no effect. *See, e.g., Davis v. Martin*, No. 01-07-00831-CV, 2009 WL 350642, at *5 (Tex. App.—Houston [1st Dist.] Feb. 12, 2009, no pet.) (mem. op.); *Eco Gen. Contractors LLC v. Goodale*, No. 02-18-00146-CV, 2019 WL 1179409, at *3 (Tex. App.—Fort Worth Mar. 14, 2019, no pet.) (mem. op.); *LaRose v. REHJ, Inc.*, No. 05-17-01348-CV, 2018 WL 6521804, at *3 (Tex. App.—Dallas Dec. 12, 2018, no pet.) (mem. op.). Even if the motion were technically proper, the trial court was being asked to authorize alternate service after only one attempt at personal service. *Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007) (per curiam) (reversing judgment for insufficient alternate service because, among other reasons, the party only made one attempt to personally serve the defendant).

Nor does Life's request for alternate service cure her failure to diligently prosecute the case up to that point. In *Fox v. Wardy*, the plaintiff made no attempt to serve the defendant until after she received notice of the court's intent to dismiss. *Fox v. Wardy*, 225 S.W.3d 198, 199. (Tex. App.—El Paso 2005, pet. denied). Even though the defendant was actually served by the

4

time of the dismissal hearing, this Court affirmed the dismissal because "Fox did not offer any evidence explaining the delay in service nor did he establish that he had prosecuted the case with due diligence." *Id.* at 200. That is the case here. The trial court acted within its discretion in finding that Life had not diligently prosecuted her case because of her past failures to attempt service, regardless of her recent requests.

Because of our holding that the trial court was justified in dismissing Life's case for failing to diligently prosecute it, we do not need to reach her issue regarding consolidation.

## CONCLUSION

The trial court exercised its discretion in dismissing Life's case because of her lack of diligence in prosecuting it. The trial court's judgment is affirmed.

JEFF ALLEY, Chief Justice

June 26, 2024

Before Alley, C.J., Palafox, and Soto, JJ.